729 So.2d 99 (1999)
STATE of Louisiana
v.
Darrell J. PIERCE.
No. 98-KA-1074.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 1999.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Deborah A. Villio, Assistant District Attorneys, Gretna, Louisiana, Counsel for plaintiff-appellee.
*100 Sandra C. Jenkins, New Orleans, Louisiana, Counsel for defendant-appellant.
Court composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and JAMES L. CANNELLA.
GAUDIN, Chief Judge.
Four separate appeals are now before this Court regarding pleas of guilty entered by appellant Darrell J. Pierce on July 17, 1998. These cases and the respective sentences imposed are:

98-KA-1074 theft over $100.00, two years to run concurrent with other sentences imposed July 17, 1998.

98-KA-1075 three counts distribution of Cocaine, eight years on each count to run concurrent with each other and with other sentences imposed July 17, 1998.

98-KA-1076 four counts forgery, two years on each count to run concurrent with each other and with other sentences imposed July 17, 1998.

98-KA-1077 two counts distribution of cocaine, eight years on each count to run concurrent with each other and with other sentences imposed July 17, 1998.
In each appeal, Pierce has assigned the same district court error: he was not advised of his state and federal constitutional right against self-incrimination. He cites Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Our examination of the instant record clearly shows that Pierce was advised of and was aware of all of his constitutional rights and that there was no denial of due process; consequently, Pierce's guilty plea in this case and his sentence are affirmed.
Pierce entered all of his guilty pleas in one session before a single district court judge, Martha E. Sassone. With Pierce and his attorney before the bench and after pleabargaining had occurred, Judge Sassone asked:
"Mr. Pierce, your attorney has indicated to me that he's advised you of your rights to a trial by jury, to confront your accusers, and against self-incrimination, and that by entering these pleas you're waiving or giving up these rights; is that correct, sir?"
Pierce responded: "Yes, ma`am."
Soon thereafter, the trial judge said:
"You understand that these pleas are your decision and no one can force you to plead? Has anyone forced you, threatened you or a member of your family or promised any type of reward to you or a member of your family in order to enter these pleas today?"
Pierce answered: "No, ma`am."
Further, from the transcript:
Judge: "You have a right to a trial by jury, which jury may find you guilty as charged, guilty of a lesser crime, or not guilty. Do you understand that by entering this plea today you're waiving or giving up your rights?"
Pierce: "Yes, ma`am."
Judge: "At any jury trial you would have the right to confront your accusers and to compel testimony on your behalf from your witnesses. Do you understand that by entering these pleas that you're waiving or giving up these rights?"
Pierce: "Yes, Ma`am."
Judge: "If you were to go on trial and in the event of a conviction, you would have the right to an appeal. If you could not afford an attorney to represent you on appeal, one would be appointed to represent you. Do you understand that by entering this plea you're waiving or giving up your rights to an appeal?"
Pierce: "Yes, Ma`am."
Judge: "If the Court accepts your guilty plea you do not have the right to assert any allegation of defect, such as an illegal arrest, an illegal search and seizure, an illegal confession or lineup, and the fact that the State might not be able to prove this charge or that a jury would find you guilty. Do you understand that by entering these pleas you're waiving or giving up these rights?"
Pierce: "Yes, ma`am."
Judge: "Do you understand that by entering this plea you're telling this Court *101 that you have, in fact, committed these crimes?"
Pierce: "Yes, ma`am."
Judge: "And do you further acknowledge that your acts of pleading guilty are knowing, intelligent, free and voluntary acts on your part, sir?"
Pierce: "Yes, ma`am."
Judge: "And did you sign this form?"
Pierce: "Yes, ma`am."
Judge: "I'm entirely satisfied that the defendant is aware of the nature of the crimes to which he has pled guilty; that he did, in fact, commit these crimes; that he understands the consequences of his guilty pleas; and he's made a knowing, intelligent, free and voluntary act of pleading guilty to these crimes."
The trial judge asked Pierce's attorney if he was satisfied that his client "... knowingly, willingly, intelligently and voluntarily entered these pleas?"
Pierce's counsel said:
"Yes, Your Honor. I've gone over with Mr. Pierce the cases. I've gone over them extensively with him and read them to him. And it is my understanding that he fully understands the charges and he agrees with the sentences in each case."
The plea of guilty form the trial judge referred to is in the record. It contains a list of all state and federal constitutional rights being waived and it lists the maximum sentence possible for each violated criminal statute. Although the form does not list the minimum sentence possible, we find no reversible error, not in the following:
(1) the nature of each crime and all elements of each crime were explained by the trial judge,
(2) Pierce was told by the trial judge what each sentence would be and he agreed to each sentence, and
(3) any shortcoming in due process was satisfied by other sources.
It is almost inconceivable that Pierce was not aware of minimum sentences and even more inconceivable that lack of such knowledge violated due process or was in any way meaningful to and in the plea-bargaining process. What is quite evident from the record is that Pierce's plea-bargaining was, from his viewpoint, highly successful. The maximum for distribution of cocaine is 30 years and the maximum for forgery 10 years. In addition, the state agreed not to multiple bill Pierce, which could have considerably enhanced his jail time.
Pierce's cases are easily distinguishable from any prior decisions of this Court, particularly State v. Reynolds, 716 So.2d 485 (La. App. 5 Cir.1998), wherein the district court record was "... bare of any information which would allow us to conscientiously conclude that no substantive rights of the defendant were affected."
This record, as a whole, demonstrates without doubt that Pierce's guilty pleas were constitutionally acceptable and were to his advantage as a result of effective plea-bargaining.
AFFIRMED.