807 So.2d 1024 (2002)
STATE of Louisiana
v.
Dianne GILLIAM.
Nos. 01-KA-748, 01-KA-749, 01-KA-750.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 2002.
*1025 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, Counsel for State.
James A. Williams, Gretna, LA, Counsel for defendant-appellant.
Court composed of Judges SOL GOTHARD, THOMAS F. DALEY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
In this matter, we affirm Defendant's convictions, based on her guilty pleas, to all counts in matter No. 96-2040 and matter No. 96-2039, but, based on a double jeopardy violation, vacate defendant's guilty plea to count 1 of the indictment in matter 96-2901.

STATEMENT OF THE CASE
Defendant, Dianne Gilliam, was charged by the Jefferson Parish District Attorney with a total of seven felony counts in three bills of information. The bill in district court case number 96-2901, filed on May 9, 1996, alleged three counts of forgery (LSA-R.S. 14:72). In district court case number 96-2040, filed on April 3, 1996, Defendant was charged with one count of attempted simple robbery (LSA-R.S. 14:27:65), one count of aggravated battery (LSA-R.S. 14:34), and one count of possession of stolen property valued at between $100.00 and $500.00 (LSA-R.S. 14:69). In district court case number 96-2039, also filed on April 3, 1996, Defendant was charged with one count of first degree robbery (LSA-R.S. 14:64.1). That charge was later amended to carjacking (LSA-R.S. 14:64.2).
Defendant was arraigned on all charges on May 17, 1996, and entered pleas of not guilty.
On March 16, 1998, Defendant withdrew her pleas of not guilty and pled guilty to all counts in accordance with a plea agreement. The court sentenced her that day to 13 years at hard labor on the carjacking *1026 charge, without benefit of parole, probation or suspension of sentence. As to the attempted simple robbery charge, the court sentenced Defendant to three and one-half years at hard labor. The court sentenced Defendant to ten years at hard labor for the aggravated battery charge. For possession of stolen property, the court sentenced Defendant to two years at hard labor. The court sentenced Defendant to ten years at hard labor on each of the three forgery charges. The court ordered that the sentences run concurrently. There is a notation on the guilty plea form to the effect that the State would file a habitual offender bill. However, the record does not show that a habitual offender bill was ever filed. Defendant failed to file timely appeals of her convictions and sentences.
On January 26, 2000, however, Defendant, through newly retained counsel, filed a motion to withdraw all of her guilty pleas. The motion was denied in open court on April 6, 2000. Defendant made an oral motion to appeal the court's rulings. However, this Court's records do not show that Defendant ever applied for supervisory writs or instituted an appeal at that time.
When a defendant fails to move for appeal within the time allotted by LSA-C.Cr.P. art. 914, his conviction and sentence become final, and he loses the right to obtain an appeal by simply filing a motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La.1985). The appropriate procedural vehicle for defendant to seek exercise of his right to appeal after the legal delay has expired is an application for post-conviction relief. LSA-C.Cr.P. arts. 924-930.7; Id. Although it is not clear that defendant obtained reinstatement of her appeal rights in precisely the proper procedural manner, appeals are favored in the law, and the Louisiana Supreme Court has disapproved of the dismissal of appeals on hypertechnical grounds. See, State v. Gilbert, 99-2338 (La.2/4/00), 758 So.2d 779; State v. Bunnell, 508 So.2d 55 (La.1987). We allow the appeal to be maintained and review the assignments of error.

FACTS
Given that the instant cases involve guilty pleas, the specific facts underlying the charges are not contained in the records.

ASSIGNMENT OF ERROR NUMBER ONE; ASSIGNMENT NUMBER TWO
As her first two assignments of error, Defendant argues that the trial court erred in failing to advise her of her rights pursuant to C.Cr.P. (sic) Art. 556.1 at her guilty plea. Defendant also asserts that the trial court erred in failing to grant her motion to set aside her guilty plea.
Defendant argues that her convictions should be vacated, as her guilty pleas were not made knowingly and intelligently. For that reason, Defendant complains that the trial court erred in denying her motion to withdraw her guilty pleas.
On January 26, 2000, nearly two years after entering her guilty pleas, Defendant filed a Motion to Withdraw Prior Guilty Pleas. She complained that the trial court had failed to inform her of the minimum and maximum penalties for the offense of carjacking as prescribed by LSA-C.Cr.P. art. 556.1,[1] and therefore none of her guilty *1027 pleas was knowing and voluntary. The trial court denied the motion on April 6, 2000.
Article 559A of the Louisiana Code of Criminal Procedure gives the district court judge the discretion to permit a withdrawal of a guilty plea at any time prior to sentencing. Once a defendant has been sentenced, a guilty plea may not be withdrawn unless the plea is found to be constitutionally infirm. State v. Bell, 00-1084, p. 5 (La.App. 5 Cir. 2/28/01), 781 So.2d 843, 847. Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. State v. Raines, 00-19, p. 4 (La. App. 5 Cir. 5/30/01), 788 So.2d 630, 633.
Defendant submits, and the records show, that the trial court advised her of her constitutional rights as set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Specifically, she was informed of her right against self-incrimination, and her rights to a jury trial and to confront her accusers. Defendant stated that she understood those rights, and wished to waive them. Defendant argues, however, that the trial court failed to follow LSA-C.Cr.P. art. 556.1 in that it neglected to fully inform her of the mandatory minimum sentence for carjacking, and failed to inform her of the fines that could be imposed under the forgery, aggravated battery, and possession of stolen property statutes. Defendant further claims the trial court neglected to properly inform her of the nature of the charges against her as required by Article 556.1, or that she would have the right to appeal a conviction should she choose to go to trial. For those reasons, Defendant claims, her guilty pleas were not informed or voluntary, and she should be allowed to withdraw them. It is noted that these claims differ from the ones Defendant made below in her motion to withdraw her guilty pleas.
As Defendant claims, the trial court did not inform her of the mandatory minimum sentence for carjacking provided in LSA-R.S. 14:64.2B. The court only informed defendant of the maximum sentence of 20 years. Moreover, the guilty plea form completed by Defendant does not contain the minimum sentence for that offense.[2] The trial court also failed to inform Defendant of the fine provisions in the aggravated battery, forgery and possession of stolen property statutes.
Recent jurisprudence provides that violations of Article 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Guzman, 99-1753, p. 5 (La.5/16/00), 769 So.2d 1158, 1161; State v. Frickey, 00-294, p. 12 (La.App. 5 Cir. 9/26/00), 769 So.2d 791, 798. The proper inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his or her willingness to plead guilty. State v. Guzman, 99-1753 at p. 12, 769 So.2d at 1165; State v. Haywood, 00-1584, pp. 13-14 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 579.
The court's failure to provide Defendant with the fine provisions applicable to her offenses is of no moment, as no fines were actually imposed. See, State v. Snavely, 99-1223, p. 17 (La.App. 5 Cir. 4/12/00), 759 So.2d 950, 961, writ denied, 00-1439 (La.2/16/01), 785 So.2d 840. While the record does not show that the court *1028 advised Defendant of the statutory minimum sentence for carjacking, the record shows she conferred with her attorney before entering her guilty pleas. Defendant's sentence was arrived at as part of a plea bargain, and the trial court clearly advised Defendant that she would receive a 13-year sentence if she pled guilty. Defendant entered into what can be considered a "highly successful" plea bargain, in that she received a sentence considerably below the statutory maximum, and the sentence was ordered to run concurrently with Defendant's many other sentences. See, State v. Joseph, 99-1234, p. 9 (La. App. 5 Cir. 3/22/00), 759 So.2d 136, 140; State v. Pierce, 98-1074, p. 4 (La.App. 5 Cir. 2/23/99), 729 So.2d 99, 101.
In support of her argument on this point, Defendant cites this Court's opinion in State v. Ledet, 97-363 (La.App. 5 Cir. 10/28/97), 701 So.2d 1067. In that case, both the guilty plea form and the trial court stated that 50 years' imprisonment was the maximum sentence for the crime to which the defendant pled guilty. In reality, the maximum sentence was 30 years' imprisonment. The defendant appealed, claiming his plea was not knowingly and voluntarily made. He believed the 20-year sentence to which he agreed was less than half the maximum sentence he could have received. The defendant argued that, had he known the maximum sentence was only 30 years, he would not have pled guilty and accepted the 20-year sentence. Ledet is easily distinguishable from the instant case. Defendant was not supplied with misinformation regarding the term of imprisonment to which she was exposed. Her claim is not the same as that of the Defendant in Ledet.
Defendant further complains that she was not informed that she had a right to appeal her conviction should she choose to go to trial. It is first noted that such an advisal is not required either by Boykin or by Article 556.1. Moreover, the trial court advised Defendant that she would not be able to "appeal a verdict of guilty entered after a plea agreement." The court also informed Defendant that she would have five days in which to appeal her sentences as excessive. It appears Defendant was sufficiently informed of her right to appeal. In any case, she was not prejudiced by any failure on the court's part to make her appeal rights clear, as she was ultimately granted an out-of-time appeal.
As Defendant claims, the court did not review the elements of the charged offenses with her before accepting her guilty plea. At first blush, the court's omission appears to be harmless error, as defendant does not allege that she did not understand the nature of those charges. See, State v. Morrison, 99-1342, p. 4 (La. App. 3 Cir. 3/1/00), 758 So.2d 283, 284-285. However, Defendant asserts that in case number 96-2901 she was subjected to double jeopardy when she pled guilty to both the making and the fraudulent transfer of the same instrument (counts 1 and 2).
LSA-R.S. 14:72 proscribes two types of acts: the making and the issuing of a forged writing. In State v. Smith, 475 So.2d 331 (La.1985), the Louisiana Supreme Court held that separate convictions for attempted forgery as a principal in the false endorsement of a check, and attempted forgery as a principal in the attempted transfer of the same check violated the principles of double jeopardy. The court reasoned, "The defendant's conduct in this case involved a single transaction including two `units' of proscribed conduct under a single section of the Criminal Code having a single penalty provision." Id. at p. 334.
Defendant asserts that, had she been informed of the provisions of the forgery statute, she would not have pled guilty to both counts 1 and 2, as the error in the bill of information would have been discovered. *1029 Moreover, Defendant's exposure to double jeopardy is an obvious constitutional violation. Therefore, since the double jeopardy violation in this matter arose out of two counts of the same crime, LSA-R.S. 14:72, and since the sentences imposed are (were) concurrent, it is inconsequential which count we vacate, and we hereby vacate defendant's plea of guilty to count 1 of the bill of information in this matter.

ERRORS PATENT DISCUSSION
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The review reveals no errors patent in this case.
Therefore, for the above reasons, we affirm Defendant's convictions in matters 96-2039 and 96-2040, but vacate count 1 of the indictment in matter 96-2901. The matter is remanded to allow the clerk of court to amend the record to so reflect.
AFFIRMED AS TO MATTERS 96-2039 AND 96-2030; GUILTY PLEA TO COUNT 1 IN MATTER 96-2901 VACATED.
NOTES
[1] LSA-C.Cr.P. art. 556.1 provides in pertinent part,

A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
[2] It is noted that the guilty plea form completed by defendant only references the carjacking charge, and not any of the other offenses to which defendant pled guilty.