MARC E. JOHNSON, Judge.
^Defendant, Daniel Ott, appeals his convictions and sentences from the 24th Judicial District Court, Division “I”, resulting from his guilty pleas, asserting the pleas were involuntary and unknowingly made. For the following reasons, we affirm Defendant’s convictions; vacate his sentence on Count Two and remand for resentenc- *947 mg; remand for clarification of sentences, and remand for correction of the commitment in conformity with this opinion. Additionally, the appointed appellate counsel’s motion to withdraw is granted.
STATEMENT OF THE CASE AND FACTS
On December 18, 2008, Defendant was charged in a bill of information, by the Jefferson Parish District Attorney, with one count of possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1 (Count One); one count of attempted armed robbery while armed with a firearm, a violation of LSA-R.S. 14:27 and 14:64.3 (Count Two); and four counts of armed robbery while armed with a firearm, a violation of LSA-R.S. 14:64.3 (Counts Three, Four, Five and Six). On | ^December 19, 2008, Defendant pleaded not guilty at the arraignment to all counts. On February 10, 2010, Defendant withdrew his not guilty pleas and pleaded guilty to the charged offenses. After waiving sentencing delays, Defendant was sentenced on Counts One and Two to 15 years imprisonment at hard labor, and on Counts Three, Four, Five and Six, to 30 years imprisonment at hard labor, without the benefit of probation, parole or suspension of sentence on each count. The trial court further ordered all sentences to be served concurrently.[1] Additionally, pursuant to the firearm enhancement under LSA-R.S. 14:64.3, the trial court enhanced Defendant’s sentences for Counts Three, Four, Five and Six, to an additional five years at hard labor, to run consecutively to the thirty years on each count.[2]
On July 1, 2011, Defendant filed a pro se application for post-conviction relief alleging ineffective assistance of counsel. The trial court denied Defendant’s application for post-conviction relief, finding it premature. On October 7, 2011, Defendant filed a motion for out of time appeal, which the trial court granted on October 26, 2011. The instant appeal follows.
Given that the present matter involves guilty pleas, the specific facts underlying the charges are not contained in the record. However, the bill of information alleges that on October 13, 2008, Defendant violated LSA-R.S. 14:95.1 in that he did have in his possession a firearm, having been previously convicted of the crime of possession of ketamine, in violation of LSA-R.S. 40:968 C, under case number 07-6174, Division “A”, in the 24th Judicial District Court, Jefferson Parish. The District Attorney further alleged that on September |429, 2008, Defendant attempted to rob Glenn Turnbull while armed with a firearm. On the same date, it was further alleged that Defendant robbed James Solis while armed with a firearm. Additionally, on October 1, 2008, it was alleged that Defendant robbed Justin Toussaint, Joe Howard, and Jeremy Woolridge while armed with a firearm.
ASSIGNMENTS OF ERROR
Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 *948 Cir.1990),[3] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241, 242 (per curiam), asserting he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. As such, appointed appellate counsel requests to withdraw as counsel of record.
In his supplement pro se brief, Defendant raises two assignments of error: 1) the trial court erred in advising him of the incorrect maximum penalties and in failing to inform him of the mandatory minimum penalties provided by law, rendering his guilty pleas involuntary; and 2) the trial counsel’s failure to object to the trial court’s failure to advise him of the minimum sentences on each count constituted ineffective assistance of counsel.
LAW AND ANALYSIS
Anders’ Brief and Pro Se Assignment of Eiror Number One[4]
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly | ^frivolous after a conscientious examination of it.[5] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal,” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, supra, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every mer-itless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, 96-2669; 704 So.2d at 241.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any *949 legal point arguable on the merits, it may either deny the motion and order the | f,court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. He maintains that Defendant was properly advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, prior to pleading guilty. Defendant’s appellate counsel further asserts that Defendant indicated that he understood his rights and voluntarily waived them. However, he further notes that pursuant to LSA-C.Cr.P. art. 556.1, Defendant was misinformed of the maximum sentencing range applicable to his armed robbery with a firearm counts and his attempted armed robbery with a firearm count. Specifically, Defendant’s appellate counsel asserts that the trial court advised Defendant that he faced a possible sentencing range of up to 114 years on the armed robbery with a firearm counts, instead of the correct 104-year maximum; Defendant was further informed that he could receive up to 56 ⅜ years on the attempted armed robbery with a firearm count, instead of the correct 54 ½-year maximum. Nonetheless, Defendant’s appellate counsel contends that it does not appear from the record that the error caused any misunderstanding as to the sentence Defendant actually received. Defendant’s appellate counsel concludes that despite the trial court’s misinformation regarding the maximum penalties, Defendant appeared to fully understand the consequences of his plea and still wished to proceed. However, for purposes of direct appeal, Defendant’s appellate counsel maintains that even after taking the trial court’s misinformation into account, Defendant appeared to understand the possible consequences of his guilty pleas and still wished to proceed.
17AppelIate counsel has filed a motion to withdraw as attorney of record, which states that he has mailed Defendant a copy of his brief and the pro se briefing notice. Additionally, this Court sent Defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until April 4, 2012, to file a pro se supplemental brief. On March 30, 2012, after considering Defendant’s motion to file a supplemental pro se brief, this Court provided Defendant with an extension until April 29, 2012, to file a supplemental appellant’s brief in this matter. Defendant timely filed his pro se supplemental brief. In his pro se brief, Defendant asserts that the trial court erred in advising him of the improper maximum sentencing ranges for the crimes charged. Defendant further maintains that the trial court erred in failing to advise him of the mandatory minimum sentences applicable to each count, thus, rendering his plea involuntary. Defendant contends that if he had been advised of the minimum sentencing exposure, he would not have pleaded guilty. Defendant further argues that his trial counsel was ineffective for failing to review the waiver of rights form with him and for not objecting to the trial court’s failure to advise him of the minimum sentences that could be imposed on each count.
The State responds that Defendant’s appellate counsel has shown a conscientious and thorough review and recitation of the procedural history of the case and has cast an advocate’s eye over the record and determined that there are no significant non-frivolous issues upon which to base an appeal. The State asserts that Defendant signed a waiver of rights form that included his right to a trial by jury, his right to confront witnesses, and his right against *950 self-incrimination. The State further asserts that the trial court engaged defendant in a proper Boylcin[6] colloquy. Further, the State contends that Defendant is procedurally barred from ^appealing his sentence that was given in accordance with a plea agreement. The State explains that Defendant was made aware of the sentence he would receive. The State concludes that appellate counsel has conformed with and followed the procedures set forth in Anders and Jyles and should be granted his request to withdraw. The State requests that this Court affirm Defendant’s convictions and sentences.
The bill of information in this case properly charged Defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly and concisely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crimes charged. See generally, LSA-C.Cr.P. arts. 464-66.
As reflected by the minute entries and commitment, Defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty pleas, and his sentencing. As such, Defendant’s presence does not present any issue that would support an appeal.
Further, Defendant pleaded guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 06-697 (La.App. 5 Cir. 3/14/06); 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06); 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. In such a case, the defendant has been denied due process of law in that the |9plea was not given freely and knowingly. State v. Dixon, 449 So.2d 468, 464 (La.1984).
The record shows that Defendant was aware he was pleading guilty to one count of possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1, one count of attempted armed robbery with a firearm in violation of LSA-R.S. 14:27 and 14:64.3, and four counts of armed robbery with a firearm in violation of LSA-R.S. 14:64.3. Defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama. He was advised of these rights by means of the waiver of rights form, where he signed his acknowledgment of these rights, and the colloquy between defendant and the judge. Defendant indicated that he understood that he was waiving his rights.
Defendant admitted that he committed the charged offenses. Defendant further indicated that he had not been forced, coerced, or threatened to enter his guilty pleas. He indicated that he understood the possible legal consequences of pleading guilty, but wished to plead guilty at that time. Defendant was also informed that his convictions could be used to enhance a penalty for any future conviction. The judge indicated that she was satisfied that there was a factual basis for the acceptance of the pleas and accepted them as knowingly, intelligently, freely, and voluntarily made.
*951 Defendant was sentenced in conformity with a plea agreement. Defendant knew what his sentences would be if he chose to plead guilty, and he received his sentences in conformity with the agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a Defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05); 916 So.2d 1171, 1178. Further, Defendant’s sentence falls within the sentencing ranges prescribed by statute.
However, Defendant contends in his pro se brief that his guilty pleas were involuntary because the trial court misinformed him of the maximum penalties prescribed by law and failed to advise him of the minimum penalties for each count as prescribed by LSA-C.Cr.P. art. 556.1. Defendant asserts that had he been informed of the minimum penalties for each count, he would not have pleaded guilty.
During the colloquy, the trial judge advised Defendant that he faced a maximum possible sentence of 114 years on the four armed robbery with a firearm counts, up to 56 ½ years on the attempted armed robbery with a firearm count, and up to 15 years on the felon in possession of a firearm count. The waiver of rights form also indicated the same maximum sentence exposure. The trial court misinformed Defendant of the maximum sentence exposure for the attempted armed robbery and armed robbery counts.
LSA-R.S. 14:64 provides that “[wjhoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.” Additionally, the firearm enhancement statute, LSA-R.S. 14:64.3, provides for an additional penalty of five years imprisonment without benefits, to be served consecutively to the sentence imposed under LSA-R.S. 14:64, when a dangerous weapon is used in the commission of the crime of armed robbery. Thus, the maximum sentence exposure on the armed robbery with a firearm convictions is up to 104 years imprisonment on each count. With respect to the attempted armed robbery count, LSA-R.S. 14:27 provides that a defendant shall be fined or imprisoned or both, in the same manner as the offense attempted, and that such Dime or imprisonment shall not exceed one-half of the largest fine or longest term of imprisonment. Furthermore, when a firearm is used in the commission of an attempted armed robbery, the defendant shall be imprisoned for an additional five years, without benefits, to be served consecutively to the sentence imposed under the provisions of LSA-R.S. 14:27 and 14:64. Thus, the maximum sentence exposure on the attempted armed robbery with a firearm count is 54 ½ years.
LSA-C.Cr.P. art. 556.1 outlines the duty of the court when accepting a plea of guilty or nolo contendere, providing, in pertinent part:
A. In a felony case, the court shall not accept a plea of guilty or nolo con-tendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ *952 counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
(Emphasis added).
 The failure to fully comply with Article 556.1 is a statutory breach, rather than a constitutional breach, and thus, the defendant is required to show prejudice as a result of the error. State v. Jordan, 99-477 (La.App. 3 Cir. 11/24/99); 747 So.2d 193. Violations of Article 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Guzman, 99-1753 (La.5/16/00); 769 So.2d 1158, 1161; State v. Frickey, 00-294 (La.App. 5 Cir. 9/26/00); 769 So.2d 791, 798. The proper inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Guzman, 99-1753; 769 So.2d at 1165; State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01); 783 So.2d 568, 579. This Court has previously considered the same arguments presented by a defendant and concluded that the mere fact that the trial court failed to inform the defendant of the statutory minimum and maximum sentence and the possibility of the imposition of a fíne under the statute charged does not render the plea involuntary. State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09); 15 So.3d 1076, 1079, writ denied, 09-1385 (La.2/12/10); 27 So.3d 842 (citing, State v. Gilliam, 01-748 (La.App. 5 Cir. 1/15/02); 807 So.2d 1024, 1027-28, writ denied, 02-0512 (La. 11/1/02); 828 So.2d 562).
Here, while the record shows that the trial court misinformed Defendant regarding the maximum sentences and did not advise him of the statutory minimum sentences for the subject offenses, the record, as a whole, supports a finding that Defendant knew the consequences of his guilty pleas, as well as the sentence he would receive, and conferred with his attorney before entering his guilty pleas. Defendant’s sentences were arrived at as part of a plea bargain, and the trial court clearly advised Defendant that he would receive 35-year sentences at hard labor for the armed robbery with a firearm convictions, and a 15-year sentence at hard labor for the attempted armed robbery with a firearm conviction. By signing the waiver of rights form, Defendant also indicated that he understood the sentences he would receive. Furthermore, Defendant made what can be considered a “highly successful” plea bargain, in that his concurrent 35-year and 15-year sentences for armed robbery and attempted armed robbery with a firearm is far less than the statutory maximum for the charged offenses. See State v. Pierce, 98-1074 (La.App. 5 Cir. 2/23/99); 729 So.2d 99. Additionally, it is noted that Defendant’s armed robbery convictions arise out of two separate incidents; thus, the trial court could have ordered the sentences to run consecutively. However, pursuant to the plea agreement, all sentences were ordered to be served concurrently. See State v. Gilliam, supra; State v. Joseph, 99-1234 (La.App. 5 Cir. 3/22/00); 759 So.2d 136, 140; Pierce, 98-1074; 729 So.2d at 101.
After review, we find Defendant has not borne his burden of showing that the slight difference in the misinformed maximum *953 penalties, and the lack of knowledge regarding the minimum sentences for each count, violated due process or was in any way meaningful to, and in, the plea-bargaining process. Defendant can show no prejudice arising out of the erroneous maximum sentencing information and lack of minimum sentencing information upon which he based his guilty pleas.
Thus, we find that the record demonstrates that Defendant’s guilty pleas were constitutionally acceptable and were to his advantage as a result of effective plea-bargaining. As such, we grant appellate counsel’s motion to withdraw as counsel of record.

Pro Se Assignment of Error Number Two

Defendant argues in his pro se supplemental brief that his trial counsel was ineffective for neglecting to object to the trial court’s failure to advise him of the statutory minimum penalties and for failing to review the waiver of rights form with him.
Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. State v. McDonald, 04-550 (La.App. 5 Cir. 11/16/04); 889 So.2d 1039, 1042, writ denied, 04-3088 (La.4/1/05); 897 So.2d 599. A claim of ineffective 114assistance of counsel must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Dabney, 05-53 (La.App. 5 Cir. 6/28/05); 908 So.2d 60, 63.
Under the Strickland test, the defendant must show: (1) that counsel’s performance was deficient; that is, that the performance fell below an objective standard of reasonableness under' prevailing professional norms; and (2) that the deficient performance prejudiced the defense. State v. Dabney, 05-53; 908 So.2d at 63 (citing Strickland, 466 U.S. at 687, 104 S.Ct. at 2064). This requires showing that counsel’s errors were so serious as to deprive the defendant of a trial whose result is reliable. Id. The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
A court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action “might be considered sound trial strategy.” Id. There is no precise definition of reasonably effective assistance of counsel, so any inquiry into the effectiveness of counsel must be specific to the facts of the case, and must take into consideration the counsel’s perspective at the time. State v. LaCaze, 99-0584 (La.1/25/02); 824 So.2d 1063, 1078-79, cert. denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002). The Sixth Amendment does not guarantee errorless counsel or counsel judged ineffective by hindsight. Id.
A claim for ineffective assistance of counsel' is most appropriately addressed through an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted, rather than on direct appeal. State v. Washington, 03-1135 (La.App. 5 Cir. 1/27/04); 866 So.2d 973, 983. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Deruise, 98-0541 (La.4/3/01); 802 So.2d 1224, 1248, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001).
*954 We find that the record contains sufficient evidence to rule on the merits of defendant’s claim. Defendant’s contention that trial counsel was ineffective for neglecting to object to the trial court’s failure to advise him of the minimum sentencing exposure for each of the charged offenses, as described above, lacks merit. As stated by the Louisiana Supreme Court in State v. Halsell, 403 So.2d 688, 690 (La.1981), “[wjhile it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.” Here, as previously discussed, Defendant’s plea is supported by the record and an advantageous consequence of the plea-bargaining process. Accordingly, Defendant could not have possibly been prejudiced by counsel’s failure to object; thus, he cannot meet the second prong of the Strickland test. See State v. Harrell, 09-364 (La.App. 5 Cir. 5/11/10); 40 So.3d 311, writ denied, 10-1377 (La.2/10/12); 80 So.3d 473.
Further, Defendant’s allegation that trial counsel was ineffective for failing to review the waiver of rights form with him is unsupported by the record and also lacks merit. Defendant and his trial counsel both signed the waiver of rights form, acknowledging the reading of the form, the advisement of the requisite rights, and the consequences of waiver and the entering of a guilty plea. Additionally, prior to the colloquy, Defendant’s trial counsel confirmed that he had gone over the | ^“waiver of constitutional rights and a plea of guilty form,” which was then signed by Defendant and his counsel. Moreover, when asked by the trial court whether his attorney had in fact advised him of his rights and the consequences of waiving his rights, Defendant replied in the affirmative.
Based on the foregoing, Defendant is not entitled to the relief he requests.[7] Accordingly, we affirm Defendant’s convictions.

ERROR PATENT DISCUSSION

Defendant and his appellate counsel request an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920, regardless of whether defendant makes such a request. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
First, the commitment reflects that Defendant pleaded guilty to attempted armed robbery pursuant to “14:27:64,” and armed robbery pursuant to “14:64.” According to the transcript, Defendant actually pleaded guilty to attempted armed robbery with a firearm under LSA-R.S. 14:27 and 14:64.3, and armed robbery with a firearm under LSA-R.S. 14:64.3. Notably, the commitment does not reflect the firearm enhancement. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
Accordingly, we remand this matter to allow the trial court to correct the commitment to conform to the transcript and other parts of the record because the commitment indicates that Defendant did not plead guilty to the firearm enhancements charged in Counts Two through Six. See State v. Addison, 05-378, (La.App, 5 Cir. 12/27/05); 920 So.2d 884, 898-99, writ denied, 06-1087 (La.11/9/06); 941 So.2d 36; and State v. Woolridge, 08-340 (La.App. 5 *955 Cir. 10/14/08); 996 So.2d 618, writ denied, 09-0179 (La.10/30/09); 21 So.3d 281.
Second, Defendant’s sentence as to Count Two, attempted armed robbery with a firearm, is indeterminate. The bill of information charged Defendant with attempted armed robbery while armed with a firearm in violation of LSA-R.S. 14:27 and 14:64.3. LSA-R.S. 14:64.3 provides for an additional penalty of five years without benefit of parole, probation, or suspension of sentence to be served consecutively to the sentence imposed under LSA-R.S. 14:27 and 14:64, when the dangerous weapon used in the commission of an attempted armed robbery is a firearm. However, the trial court sentenced Defendant under LSA-R.S. 14:27 and 14:64, to 15 years at hard labor. The trial judge did not reference LSA-R.S. 14:27 and 14:64.3 during sentencing, nor did she state that she was imposing an additional period of incarceration when imposing Defendant’s attempted armed robbery sentence. Since the State intended to utilize the provisions of LSA-R.S. 14:27 and 14:64.3, Count Two is indeterminate because the trial judge did not state whether the sentence included the firearm enhancement.
Because we find the Count Two sentence indeterminate, we vacate the sentence and remand for resentencing according to law and for clarification of whether Defendant’s sentence includes any additional punishment under LSA-R.S. 14:27 and 14:64.3 as this Court did in State v. Declouet, 09-1046 (La.App. 5 Cir. 10/12/10); 52 So.3d 89, 108-09, writ denied, 10-2556 (La.4/8/11); 61 So.3d 681, and State v. Price, 04-812 (La.App. 5 Cir. 3/1/05); 909 So.2d 612, 618. Additionally, in the event the trial court determines the five-year firearm enhancement was not in-eluded in Defendant’s original 15-year sentence, then we | T8find it necessary to reserve Defendant’s right to withdraw his guilty plea because it was not a part of his negotiated plea agreement.
Third, we find that Defendant received indeterminate sentences in violation of LSA-C.Cr.P. art. 879 because the trial court ordered his sentences to run concurrently with his “parole time.” The record is unclear as to Defendant’s parole status at the time of sentencing.[8] Unlike probation, there is no prohibition against the trial judge ordering a sentence to run concurrent with a parole revocation. LSA-C.Cr.P. art. 901(C)(2); State v. Arceneaux, 05-338 (La.App. 5 Cir. 12/27/05); 930 So.2d 44, 50. Accordingly, we conclude that the sentence is indeterminate and remand to the trial court for clarification of defendant’s parole status upon resentenc-ing. See State v. Lai, 04-1053 (La.App. 5 Cir. 4/26/05); 902 So.2d 550, 562, writ denied, 05-1681 (La.2/3/06); 922 So.2d 1175; State v. Hines, 07-312 (La.App. 5 Cir. 10/30/07); 970 So.2d 1134, 1138; and Campbell, supra.
Finally, we find that Defendant received indeterminate sentences, which requires clarification of the commitment in this case. LSA-C.Cr.P. art. 879. In State v. Sebastien, 31,750 (La.App. 2 Cir. 3/31/99); 730 So.2d 1040, 1045, writ denied, 99-1426 (La.10/29/99); 748 So.2d 1157, the court stated “the district court ... is required to express its intent concerning concurrent or consecutive sentences in accordance with La.C.Cr.P. art. 883.” Here, the transcript reflects that the trial court ordered all of Defendant’s sentences (Counts One-Six) to be served concurrently. The commitment *956 however, confuses the court’s order, providing the following:
The Defendant is sentenced to:
15 years hard labor on counts 1, 2 concurrently.
30 years hard labor on counts 3, 4, 5, 6 concurrently.
| ^Because the commitment does not specify that Counts One through Six are to be served concurrently, it is impossible to determine from the record whether the trial judge intended for all six counts to be served concurrently, or if Counts One and Two are to be served consecutively to Counts Three-Six. Thus, given the requirements set forth in LSA-C.Cr.P. art. 883,[9] and the fact that the bill of information reflects that the crimes charged in this case were committed on different days, we remand the case to the trial court for clarification of the commitment in accordance with LSA-C.Cr.P. art. 883.
DECREE
For the foregoing reasons, we affirm Defendant’s convictions. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw. Additionally, we vacate the sentence for Count Two and remand the matter for the following in conformity with this opinion: resentencing of Count Two, clarification of Defendant’s sentences, and correction of the commitment.

CONVICTIONS AFFIRMED; COUNT TWO SENTENCE VACATED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

. The trial court also ordered that Defendant’s sentences be served concurrently with the time "defendant is serving on parole, and with the sentence imposed in case # 08-4470.” Specifically, in case no. 08-4470, Defendant was charged with two counts of possession with intent to distribute marijuana. After withdrawing his guilty plea, Defendant was sentenced in case no. 08-4470 to 15 years at hard labor on each count, to run concurrent with the sentences imposed in the instant case.

. It is noted that the trial court did not enhance Defendant’s sentence on Count Two in accordance with LSA-R.S. 14:27 and 14:64.3.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Moution, 95-0981 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110.

. Defendant’s pro se assignment of error number one is mentioned by appellate counsel in his Anders brief; accordingly, they will be addressed simultaneously.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Defendant requests that this Court "reverse the judgment of the trial court and remand these proceedings for an evidentiary hearing on the merits of petitioner’s claim of an unconstitutional reasonable doubt jury instruction.”

. At sentencing, trial counsel noted that Defendant's parole had already been revoked and that he has a year and a half left. No other details concerning Defendant's parole status are reflected in the record.

. LSA-C.Cr.P. art. 883, provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.