FREDERICKA HOMBERG WICKER, Judge.
| gDefendant, Darion Goff, appeals his convictions and sentences for armed robbery and aggravated battery. Defendant’s appointed appellate counsel has filed an appellate brief pursuant to Anders v. California[1] and has farther filed a motion to withdraw as counsel of record. For the following reasons, we affirm defendant’s convictions and sentences and grant counsel’s motion to withdraw.

STATEMENT OF THE CASE

On August 17, 2007, the District Attorney for the Twenty-Third Judicial District filed two bills of information charging defendant with armed robbery in violation of La. R.S. 14:64 and aggravated battery in violation of La. R.S. 14:34. Defendant pled not guilty to the charges at his arraignment on September 17, 2007. However, on December 15, 2008, defendant changed his pleas and pled guilty to both charges. The parties agreed that the trial court would order a Pre-Sentence Investigation Report and further agreed to a thirty-year sentencing cap. Pursuant to lathe parties’ agreement, the trial court ordered a Pre-Sentence Investigation Report and deferred sentencing to await receipt of the report. On March 16, 2009, the trial court sentenced defendant to thirty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, for the armed robbery conviction and five years for the aggravated battery conviction, to be served at the same time as defendant’s sentence for his armed robbery conviction.

FACTUAL BACKGROUND

Defendant pled guilty without proceeding to trial, but agreed to a factual basis provided for each charge during his guilty plea colloquy:
On July 10, 2007, in St. James Parish, defendant committed an armed robbery by intentionally taking property from Tuan Nhuyen by use of force or intimidation while armed with a knife and, on the same date, further committed aggravated battery upon Tuan Nhuyen by stabbing him with a knife and causing injury to his right forearm.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir.1990)[2], defendant’s appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds the case to be wholly 14frivolous after a conscientious examination of it. In State v. Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has *150 cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, 704 So.2d at 241.
An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. “When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal.” State v. Defrene, 07-823 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In this case, appointed appellate counsel’s brief demonstrates that after a detailed review of the record, counsel could find no non-frivolous issues to raise on appeal. The state agrees and urges this Court to grant defense counsel’s request to withdraw as counsel of record. An independent review of the record supports counsel’s assertion that there are no non-frivolous issues to raise on appeal.
First, the bills of information filed properly charged defendant with armed robbery in violation of La. R.S. 14:64 and aggravated battery in violation of La. |sR.S. 14:34. As required, the bills of information clearly, concisely, and definitely state the essential facts constituting the offenses charged and sufficiently identify defendant and the crimes charged. See La.C.Cr.P. arts. 464-66. Second, the minute entries reflect that defendant appeared at each stage of the proceedings against him. Defendant physically made an appearance in open court for his arraignment, his guilty plea proceeding, and his sentencing.
Third, defendant pled guilty to the charges against him. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.[3] State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes *151 was a plea bargain and that bargain is not kept. Id. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La.1984).
The record reflects that defendant was aware he was pleading guilty to the charged offenses, armed robbery and aggravated battery. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, supra. Defendant was advised of these rights by means of the waiver of rights form, which he signed, and during the colloquy with the trial judge.
| (¡The trial court advised defendant of the nature of the offenses with which he was charged and defendant agreed to the factual basis provided for each plea. Defendant was also informed of the statutory penalty ranges for the offenses, the agreed upon sentencing cap of thirty years, and the agreement that a Pre-Sentence Investigation Report would be ordered by the court. The trial court was convinced that defendant understood his rights, the charges against him, and the possible penalties he faced. The court and defendant’s trial counsel agreed that defendant’s plea was freely and voluntarily made.
Last, defendant’s sentences fall within the sentencing ranges statutorily prescribed. Defendant pled guilty to armed robbery in violation of La. R.S. 14:64 and faced a sentencing range of imprisonment at hard labor for not less than ten years and not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.[5] See La. R.S. 14:64(B). Defendant was sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence. As to his aggravated battery conviction, defendant faced a fine of not more than five thousand dollars, imprisonment with or without hard labor for not more than ten years, or both. See La. R.S. 14:34. The trial court imposed a five-year sentence for defendant’s aggravated battery conviction, which is well within the prescribed statutory sentencing range.
|7Further, defendant’s sentences were imposed pursuant to a plea agreement. A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2(A)(2). This applies both to plea agreements involving specific sentences *152 and sentencing caps. State v. Morales, 12-21 (La.App. 5 Cir. 10/30/12), 102 So.3d 1038, 1040—41; State v. Jackson, 07-975 (La.App. 5 Cir. 4/15/08), 985 So.2d 246, 251. Defendant knew that a Pre-Sentence Investigation Report would be ordered and that he faced a sentencing cap of thirty years. Because defendant’s sentences were imposed in conformity with a plea agreement which was set forth in the record at the time of the plea, defendant cannot seek review of his sentences on appeal. See State v. Smith, 09-1043 (La. App. 5 Cir. 6/29/10), 43 So.3d 261, 265.
Upon an independent review of the record, we find no non-frivolous issues for appeal. Defendant’s appointed appellate counsel has adequately demonstrated her review and analysis of the record in this case. An independent review of the record supports counsel’s assertions set forth in her Anders brief. Therefore, we find that counsel’s request to withdraw as counsel of record should be granted.

ERRORS PATENT DISCUSSION

Defendant requests an error patent review. This Court routinely reviews records for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990), regardless of whether a defendant makes such a request. The record reflects the following errors patent:
First, the sentencing minute entries and the transcript reflect that, at defendant’s sentencing, the trial judge ordered that defendant be afforded ^treatment.[6] Although the trial judge may recommend rehabilitative treatment to a defendant — and is encouraged to do so in certain cases — the trial court has no authority to dictate how defendant’s sentence is to be served once he is in the custody of the Department of Corrections.[7] Under La.C.Cr.P. art. 882(A), an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review when such correction does not involve the exercise of sentencing discretion. See State v. Webre, 09-351 (La.App. 3 Cir. 11/4/09), 21 So.3d 1154, 1159. Accordingly, we hereby amend defendant’s sentences to delete that portion requiring participation in any form of treatment. We further remand this matter to the trial court for correction of the sentencing minute entries. See La. C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
Second, the record reflects an apparent discrepancy between the sentencing minute entries and the transcript as to defendant’s sentence for aggravated battery. The sentencing minute entries reflect that the trial judge ordered defendant’s five-year sentence for his aggravated battery conviction to be served at hard labor.[8] However, the transcript reflects that the trial judge did not specifically order the five-year sentence for defendant’s aggravated battery conviction to be served at hard labor. Whether a defendant sentenced for aggravated battery serves the sentence with or without hard *153 labor is left to the discretion of the trial court. See La. R.S. 14:34. Although the transcript reflects that the trial judge did not order defendant’s five-year sentence for his aggravated battery conviction to be served at hard labor, he did order that the sentence be served “at the same time” as 1 fldefendant’s thirty year sentence for his armed robbery conviction. We find that the trial judge ordered defendant’s five year sentence for his aggravated battery conviction to be served concurrently to his thirty year sentence at hard labor for his armed robbery conviction. Therefore, any discrepancy between the sentencing minute entries and the transcript is rendered moot.
Accordingly, for the reasons provided herein, defendant’s convictions and sentences are affirmed and appellate counsel’s motion to withdraw is hereby granted. This matter is remanded to the trial court for correction of the sentencing minute entries to reflect this Court’s amendment deleting the portion of defendant’s sentences ordering that he participate in treatment.

CONVICTIONS AND SENTENCES AFFIRMED; REMANDED FOR CORRECTION OF THE SENTENCING MINUTE ENTRIES.

. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Defendant filed pre-trial motions, including a motion to suppress statement. The record does not reflect that the suppression motion was ruled upon prior to defendant’s guilty plea proceeding. Nevertheless, when a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Further, no rulings were preserved for appeal under State v. Crosby, 338 So.2d 584 (La.1976).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Although the trial court mistakenly advised defendant during the colloquy that the minimum sentence for armed robbery was three years, we find this error harmless. La.C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. Violations of La.C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. See State v. Guzman, 99-1528 and 99-1753 (La.5/16/00), 769 So.2d 1158, 1164-66; State v. Gilliam, 01-748 (La.App. 5 Cir. 1/15/02), 807 So.2d 1024, 1027, writ denied, 02-0512 (La.l 1/1/02), 828 So.2d 562. In determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Gilliam, 807 So.2d at 1027. Any variance from the procedure required by Article 556.1 that does not affect the substantial rights of the accused shall not invalidate the plea. La. C.Cr.P. art. 556.1(E). We find that defendant was properly advised of the mandatory minimum sentence for his armed robbery conviction in his waiver of rights form, which he signed and acknowledged he reviewed with his counsel. Therefore, we find that the trial court’s statement to defendant providing the incorrect mandatory minimum sentence for armed robbery in this case was harmless error.

. Although the trial judge did not specifically order drug treatment, the transcript indicates defense counsel's request that the trial court order drug treatment for defendant.

. Neither La. R.S. 14:64 nor La. R.S. 14:34 mandate treatment as a part of a defendant’s sentence.

.The sentencing minute entries reflect that the trial court ordered that defendant serve his sentence for his aggravated battery conviction with the Department of Corrections. A defendant sentenced to the custody of the Department of Corrections is necessarily sentenced at hard labor. See La. R.S. 15:824(C).