791 So.2d 149 (2001)
STATE of Louisiana
v.
Tharon L. NARCISSE.
No. 01-KA-49.
Court of Appeal of Louisiana, Fifth Circuit.
June 27, 2001.
*151 Donald A. Sauviac, Jr., Metairie, for Defendant/Appellant, Tharon L. Narcisse.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis[*], Appellate Counsel, Greg Kennedy, Trial Counsel, Assistant District Attorneys, Gretna, for Plaintiff/Appellee, The State of Louisiana.
Panel composed of THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.

STATEMENT OF THE CASE
Defendant, Tharon L. Narcisse, was charged by bill of information with simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2, being a felon in possession of a firearm (Count 2), a violation of La. R.S. 14:95.1, and possession with intent to distribute marijuana (Count 3), a violation of La. R.S. 40:966(A). Defendant was arraigned and plead not guilty. The bill was later amended to add a second count of being felon in possession of a firearm (Count 4).
Thereafter, defendant filed a motion to suppress the evidence, which was heard by the trial court on May 1, 2000, and denied on May 2, 2000. Defendant subsequently withdrew his not guilty plea and, pursuant to State v. Crosby, 338 So.2d 584 (La.1976), plead guilty to simple burglary and the remaining three counts as charged, reserving his right to appeal the denial of his motion to suppress. Defendant was sentenced to ten years each on Counts 1, 2 and 3, which were to run concurrently. The trial court did not impose a sentence on Count 4. Defendant now appeals the trial court's denial of his motion to suppress the evidence.

FACTS
On October 13, 1999, at approximately 8:30 a.m., Deputy Michael Burgess responded to a burglary complaint. Damyra Lonzo advised Deputy Burgess that her apartment had just been burglarized by two men. The victim stated that the men were in a brown car around the corner from her apartment. She identified the men as "Boo," later identified as defendant, and "Tom," later identified as Travis Edgerson. The victim rode with Deputy Burgess in his police unit until they spotted the brown car near an apartment complex.
Deputy Joe Ragas arrived as backup. The deputies began knocking on apartment doors. As Deputy Burgess knocked on one apartment door, defendant came out of another apartment several doors down and stated that no one was in the apartment. Deputy Burgess asked defendant if he knew who owned the brown car and defendant indicated that he was the owner. Deputy Burgess asked defendant if he was "Boo" and defendant replied in the affirmative. Deputy Burgess then took defendant into custody.
As he was arresting defendant, Deputy Burgess heard a noise inside defendant's apartment. He looked inside and saw Edgerson running out of the back sliding glass door. Deputy Ragas gave chase and Edgerson was apprehended a short distance away. Thereafter, the victim identified both men as the perpetrators of the burglary.
*152 Prior to leaving defendant's apartment complex, Deputy Ragas conducted a security check of defendant's apartment. During the security check, Deputy Ragas noticed bags of marijuana and a 9mm handgun lying on a bed in plain view in an upstairs bedroom. The narcotics division was called to the scene, and Detective Valley obtained defendant's consent to search the apartment. A subsequent search of defendant's apartment revealed a .22 pistol in a duffle bag found in a closet.

DISCUSSION
On appeal, defendant asserts that he was not arraigned on Count 4 of the amended bill of information, which charged him with a second count of being a felon in possession of a firearm. Defendant claims the arraignment was required.
The record shows that defendant was arraigned on the original bill of information, containing Counts 1, 2 and 3, on November 29, 1999, and that he entered a plea of not guilty. Thereafter, on May 1, 2000, the bill of information was amended to include an additional count, Count 4. The record does not show that defendant was rearraigned on the amended bill.
La.C.Cr.P. art. 555 provides:
Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.
In State v. Hidalgo, 95-319 (La.App. 5 Cir.1/17/96), 668 So.2d 1188, defendant was arraigned on the original indictment which charged him with one count of first degree murder and two counts of attempted first degree murder. Defendant plead not guilty. Thereafter, the indictment was amended to charge defendant with one count of second degree murder and two counts of attempted second degree murder. Defendant was not rearraigned on the amended indictment. This Court found that because the defendant did not object prior to trial, the error in failing to rearraign him on the amended indictment was waived.
In the matter before us, defendant did not object to the failure of being rearraigned on the amended bill, or on Count 4, prior to entering a guilty plea to Counts 1, 2, 3 and 4. Thus, the error in failing to rearraign defendant was waived.
Defendant next argues that there was no probable cause to arrest him.
A warrantless arrest must be based on probable cause. Probable cause to arrest exists when the facts and circumstances within an officer's knowledge, and of which he has reasonable trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed or is committing a crime. State v. Serrato, 424 So.2d 214 (La.1982).
In this case, before arresting defendant, Deputy Burgess was informed that a burglary had occurred; that the two perpetrators, one of whom was nicknamed "Boo," had just left the scene in a brown car; that the victim identified the brown car parked in front of a nearby apartment complex; that defendant admitted that he owned the brown car and that he was known as "Boo." These facts justified the police officer's belief that defendant had just committed a crime. Therefore, probable cause existed to arrest defendant.
Defendant next asserts that he did not voluntarily consent to the search of his apartment. He maintains the police *153 coerced his consent by keeping his handcuffs too tight and keeping him in a hot patrol car with no air conditioning. He claims he had no choice but to sign the consent form in order to have the handcuffs loosened. As a result, defendant contends the search was illegal and, thus, any evidence seized during the search should have been suppressed.
There were two searches of defendant's apartment. The first search was conducted after defendant's arrest and after the co-perpetrator was seen fleeing the apartment. The officers testified that this cursory search was a security check conducted for safety purposes. This search revealed bags of marijuana and a 9mm handgun on the bed in the upstairs bedroom. The second search was conducted after defendant signed a consent to search form allowing a full search of his apartment. It was during this search that the .22 pistol was found in a duffle bag in the closet.
Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). When the constitutionality of a warrantless search or seizure is at issue on a motion to suppress, the state bears the burden of proving that the search or seizure was justified under one of the exceptions to the warrant requirement. La.C.Cr.P. art. 703(D). Whether evidence was seized in violation of the Fourth Amendment is a determination to be made by the trial judge, whose factual findings are entitled to great weight on appeal. State v. Henderson, 99-471 (La. App. 5 Cir.10/26/99), 746 So.2d 173, writ denied, 99-3485 (La.5/26/00), 762 So.2d 1102.
One recognized exception to the search warrant requirement is a security check of the surrounding area immediately after an arrest. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). In recognizing this exception, the Louisiana Supreme Court stated:
The reasonableness of a security check is simple and straightforward. From the standpoint of the individual, the intrusion on his privacy is slight; the search is cursory in nature and is intended to uncover only "persons, not things." Once the security check has been completed and the premises secured, no further search be it extended or limited is permitted until a warrant is obtained. From the standpoint of the public, its interest in a security check is weighty. The delay attendant upon obtaining a warrant could enable accomplices lurking in another room to destroy evidence. More important, the safety of the arresting officer or members of the public may be jeopardized. Weighing the public interest against the modest intrusion on the privacy of the individual ... a security check conducted under the circumstances stated above satisfies the reasonableness requirement of the Fourth Amendment.
Guiden, supra at 199, quoting United States v. Agapito, 620 F.2d 324, 336 (2d Cir.1980), cert. denied, 449 U.S. 834, 101 S.Ct. 107, 66 L.Ed.2d 40 (1980).
In the present case, the police were investigating a burglary. While arresting one suspect, defendant, Deputy Burgess heard a noise inside the apartment. He looked inside and saw another suspect fleeing through the back sliding glass door. Considering that both suspects were in defendant's apartment before the police arrived, and one fled through the back door, a security check of the apartment to determine if anyone else was inside was certainly justified.
*154 Once inside defendant's apartment, the bags of marijuana and 9mm handgun were noticed in plain view. In order for the plain view exception to the warrant requirement to apply, there must be prior justification for police intrusion into a protected area and it must be immediately apparent, without close inspection, that the item is contraband. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).
Upon review, we find the requisite elements necessary for the seizure of the contraband were satisfied. The officer's initial intrusion into defendant's apartment was justified under the protective sweep doctrine and the apparent contraband was in plain view. Therefore, the trial court properly denied defendant's motion to suppress the evidence of the marijuana and the 9mm handgun.
With regards to the .22 pistol which was located in the duffle bag in the closet, police may search without a warrant pursuant to consent. When the state relies upon consent to justify a search, the state has the burden of proving that the consent was freely and voluntarily given. Schneckloth v. Bustamonte, supra. Voluntariness of consent is a question of fact to be determined by the trial judge under the totality of the circumstances. The trial judge's factual determination on the voluntariness of the consent is afforded great weight on appeal. When the trial court is presented with conflicting testimony, the credibility of the witnesses is a matter within the sound discretion of the trial court and will not be disturbed on appeal unless clearly contrary to the evidence. State v. Williams, 98-1006 (La.App. 5 Cir.3/30/99), 735 So.2d 62, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118.
At the suppression hearing, defendant testified that he did not sign the consent to search form voluntarily. He stated that his handcuffs were too tight and that the police officer told him he would loosen the cuffs if defendant would sign the paper. Defendant also testified that he was kept in the patrol car for several hours without air conditioning. However, Deputy Burgess testified at the hearing that he witnessed defendant voluntarily sign the consent form and that no coercion was used. He stated that Detective Valley read the entire form to defendant and that defendant initialed each one of the rights. Deputy Burgess also denied that defendant was left in the patrol car without air conditioning.
In denying the motion to suppress, the trial court clearly accepted the police officer's version of the events instead of defendant's version. There is nothing in the record to suggest that the trial court erred in its credibility assessment.
Lastly, defendant asserts that the police had no basis to search his car. However, there was no vehicle search involved in this case. Thus, this assignment of error merits no consideration.
Pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent. First, we note that defendant pled guilty to a charge not contained in the bill of information. Specifically, defendant was charged with simple burglary of an inhabited dwelling. However, defendant pled guilty to simple burglary, which is nonresponsive to the charge of simple burglary of an inhabited dwelling. La.C.Cr.P. art. 814A(44.1). A defendant is not prohibited from pleading guilty to a crime nonresponsive to the original indictment. La.C.Cr.P. art. 487. However, the district attorney must amend the original indictment or bill of information to reflect the nonresponsive charge. State v. Cook, 372 So.2d 1202 (La.1979). In this case, the district attorney failed to amend the bill of information.
*155 This Court, along with the First and Third Circuits, has applied a harmless error test where the district attorney fails to amend the bill of information to formally charge defendant with the nonresponsive crime to which he pleads guilty. State v. Guerrero, 96-851 (La.App. 5 Cir.1/28/97), 688 So.2d 119; State v. Rito, 96-1444 (La. App. 3 Cir.10/8/97), 700 So.2d 1169; State v. Barclay, 591 So.2d 1178 (La.App. 1 Cir. 1991), writ denied, 595 So.2d 653 (La. 1992).
In State v. Guerrero, supra, defendant was charged with possession with intent to distribute heroin but pled guilty to accessory after the fact to possession with intent to distribute heroin. The district attorney failed to amend the original indictment. However, this Court found that the failure to amend the indictment was harmless error. We reasoned that defendant's plea was acceptable to the district attorney and the transcript and the guilty plea form indicated defendant was fully aware of the charge to which he plead. As such, this Court concluded the plea was not prejudicial to the defendant.
In the matter before us, the transcript clearly demonstrates that defendant was aware that he was pleading guilty to simple burglary, and that the trial court used the definition of simple burglary, as opposed to simple burglary of an inhabited dwelling, when advising defendant of the nature of the charges during the plea colloquy. The guilty plea form also clearly shows that defendant was pleading guilty to La. R.S. 14:62, simple burglary. Because the transcript and the guilty plea form indicate that defendant was fully aware of the charge to which he plead, and defendant plead guilty to a less serious crime than the original crime charged, the plea was not prejudicial to defendant. As such, the failure to amend the bill of information is harmless error.
Second, we note that the trial court failed to sentence defendant on Count 4, despite defendant's guilty plea to Count 4. The trial court must impose a separate sentence for each separate count on which a defendant is convicted. State v. Joseph, 96-187 (La.App. 5 Cir.11/14/96), 685 So.2d 237, writ granted in part and remanded for resentencing, 96-2998 (La.5/9/97), 693 So.2d 782.
Third, the minute entry and the commitment are inconsistent with the transcript. In particular, the transcript clearly indicates defendant plead guilty to simple burglary, a violation of La. R.S. 14:62. However, the minute entry and commitment both indicate defendant plead guilty to simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. In addition, the commitment reflects defendant only plead guilty to Counts 1, 2 and 3, where the transcript reveals defendant actually plead guilty to Counts 1, 2, 3 and 4. When there is a discrepancy between the transcript and the minute entry, the transcript will prevail. State v. Lynch, 441 So.2d 732 (La.1983). As such, we will remand this matter for the trial court to amend the minute entry dated May 2, 2000, and the commitment dated July 18, 2000, to correct the above inaccuracies.
Accordingly, for the foregoing reasons, defendant's conviction of simple burglary and of Counts 2, 3 and 4 are hereby affirmed. Because defendant was not sentenced on Count 4, we vacate defendant's sentence and remand this matter to the trial court for resentencing, and further order the trial court to amend the minute entries as discussed above.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
NOTES
[*] COUNSEL OF RECORD ON APPEAL