MARC E. JOHNSON, Judge.
| gDefendant, Thomas Cox, appeals his conviction and sentence for simple burglary. For the reasons that follow, we affirm his conviction and sentence.
Defendant was charged in a bill of information on February 6, 2013 with simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2. He initially pled not guilty, but later withdrew his not guilty plea and pled guilty to simple burglary on April 18, 2013. On the same day, the trial court sentenced Defendant to eight years imprisonment.[1] Defendant was subsequently granted this out-of-time appeal.
Defendant’s appointed appellate counsel has filed an Anders[2] brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.[3] As such, she seeks to withdraw as counsel of record.
IsWhen an Anders brief has been filed, an appellate court must conduct an independent review of the record to determine whether the' appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108,1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. Id.
In Defendant’s appellate brief, counsel sets forth the procedural history of the case and a statement of facts. She asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal and could find no ruling of the trial court that arguably supports the appeal. Counsel explains that before changing his plea to guilty, Defendant was fully informed of the legal consequences of changing his plea by both his trial counsel and the trial judge. She further explains that the plea colloquy reveals that the trial judge explained to Defendant each of the rights necessary to ensure a knowing and intelligent waiver of rights; specifically, that Defendant had a constitutional right to a trial by jury, to remain silent, to confront witnesses, and to the presumption of innocence. Counsel recognizes that Defendant was advised of the sentence he would receive after pleading guilty and that Defendant was sentenced in accordance with his plea agreement; thus, counsel concludes that Defendant is now restricted by law from appealing his sentence. Counsel requests that any and all errors patent be listed as assignments of error for purposes of this appeal.
Defendant was advised by counsel and by this Court that an Anders brief had been filed and of his right to file a pro se supplemental brief. Defendant subsequently filed a pro se supplemental brief claiming he was denied review of his sentence by his trial counsel’s failure to file a motion to reconsider sentence.
14After an independent review of the record, we agree with appellate counsel that there are no non-frivolous issues to be raised on appeal.
*77 The bill of information in this case properly charged Defendant. See generally La.C.Cr.P. arts. 464-66. We note, however, that while the bill of information charged Defendant with simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2, the waiver of rights form and the plea colloquy show that Defendant actually pled guilty to simple burglary, a violation of La. R.S. 14:62, which is nonre-sponsive to the charge of simple burglary of an inhabited dwelling. See La.C.Cr.P. art. 814(A)(44.1); State v. Narcisse, 01-49 (La.App. 5 Cir. 6/27/01); 791 So.2d 149, 154-55, writ denied, 01-2231 (La.6/14/02); 817 So.2d 1152.
A defendant is not prohibited from pleading guilty to a crime that is nonre-sponsive to the original indictment. See La.C.Cr.P. art. 487; Narcisse, supra. In State v. Jackson, 04-2863 (La.11/29/05); 916 So.2d 1015, 1023, the Louisiana Supreme Court specifically found that a trial judge has jurisdiction to accept a defendant’s informed and voluntary guilty plea to a crime that is not responsive to the crime charged in the bill of information regardless of whether the district attorney amends the bill of information to conform to the plea agreement. However, the supreme court explained that its ruling did not alter the fundamental requirement that prosecution be properly instituted by a bill of information that informs the accused of the nature of the accusations against him or the requirement that a defendant’s guilty plea be voluntarily and intelligently made. The court noted that “[a] nonresponsive guilty plea made without an amended bill might raise a concern that a defendant did not understand the nature of the charges against |shim,” but explained that such a fact is only one of the totality of circumstances to consider in evaluating the Boykin[4] colloquy. Jackson, 916 So.2d at 1023.
In the instant case, prosecution was properly instituted by a bill of information that informed Defendant of the nature of the charge against him. Although the bill of information was not amended to charge Defendant with simple burglary, there is nothing in the record that suggests Defendant did not understand the nature of the charges against him. The waiver of rights form reflects that defendant was pleading guilty to simple burglary, and the colloquy mentions the simple burglary offense several times. Thus, we find Defendant’s guilty plea to a nonresponsive charge does not present an issue for appeal.
Additionally, Defendant’s presence does not present any issue for appeal. As reflected by the minute entries and commitment, Defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing.
Further, Defendant pled guilty. A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06); 926 So.2d 662, 664. No rulings were preserved for appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06); 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by Ra plea bargain or what *78 he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra.
As previously noted, the record shows that Defendant was aware he was pleading guilty to simple burglary and understood the nature of the offense. The waiver of rights form, which was signed by Defendant, defense counsel, and the trial judge, reflects that Defendant was 28 years old, could read, write, and understand the English language, and that he was not under the influence of alcohol, drugs, or any medication at the time he pled guilty. At the beginning of the plea colloquy, defendant indicated that he had gone over the waiver of rights form with his counsel and understood it.
The waiver of rights form and the plea colloquy transcript show that Defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, supra. Defendant indicated that he understood he was waiving these rights by pleading guilty. He further indicated that he was satisfied with the representation of his attorney and had not been forced or promised anything to enter his guilty plea.
The record shows Defendant was advised of the sentencing range he faced and of the eight-year sentence he would receive if his plea was accepted by the court. Defendant received the agreed upon eight-year sentence, which falls within the sentencing range prescribed by statute. See La. R.S. 14:62. Because Defendant received a sentence in conformity with a plea agreement that was set forth in the record at the time of his plea, he cannot seek review of his sentence on appeal. See La.C.Cr.P. art. 881.2(A)(2); State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05); 916 So.2d 1171, 1173.
Considering the foregoing, we find there are no non-frivolous issues for appeal. Because appellant counsel’s brief adequately demonstrates by full [7discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.
In his pro se supplemental brief, Defendant’s sole assignment of error is that he . was denied review of his sentence because his counsel did not inform him of his right to file a motion to reconsider and failed to file such a motion on his behalf. It appears Defendant is asserting an ineffective assistance of counsel claim.
Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. State v. Casimer, 12-678 (La.App. 5 Cir. 3/13/13); 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must show: (1) that counsel’s performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or “a trial whose result is reliable.” Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. To prove prejudice, the defendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the trial would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Generally, a claim of ineffective assistance of counsel is most appropriately *79 addressed through an application for post-conviction relief rather than on direct appeal. Casimer, 113 So.3d at 1141. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of | ^judicial economy. Id. In this case, we find the appellate record is sufficient for us to address the merits of Defendant’s ineffective assistance of counsel claim.
The mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. A defendant must also “show a reasonable probability that, but for counsel’s error, his sentence would have been different.” Casimer, 113 So.3d at 1142.
In this case, Defendant was sentenced in conformity with a plea agreement. As previously stated, a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2(A)(2). Therefore, trial counsel’s failure to move for reconsideration of the sentence does not constitute deficient performance. Accordingly, we find no merit in Defendant’s claim.

ERRORS PATENT REVIEW

We have reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990), and have identified two errors that require corrective action. First, the commitment reflects Defendant pled guilty to burglary of a residence in violation of La. R.S. 14:62.2, while the transcript shows Defendant pled guilty to simple burglary, which is a violation of La. R.S. 14:62. The transcript generally prevails where there is an inconsistency between the minute entry and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983). Second, the Uniform Commitment Order also incorrectly reflects that Defendant pled guilty to a violation of La. R.S. 14:62.2. It further incorrectly shows the date 19of the offense as September 14, 2012,[5] when the actual date of the offense, as agreed to in the waiver of rights form, was October 22, 2011.
Accordingly, we remand this case for correction of the commitment minute entry and the Uniform Commitment Order to accurately reflect that Defendant pled guilty to simple burglary, a violation of La. R.S. 14:62, and that the date of the offense was October 22, 2011. After correction, the Clerk of Court is ordered to transmit the original of the commitment minute entry and the Uniform Commitment Order to the officer in charge of the institution to which Defendant has been sentenced and the Department of Correction’s Legal Department. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-244 (La.9/15/06); 937 So.2d 846 (per curiam); State v. Long, 12-184 (La.App. 5 Cir. 12/11/12); 106 So.3d 1136,1142.

DECREE

For the foregoing reasons, Defendant’s conviction and sentence are affirmed. This case is remanded for correction of the commitment minute entry and Uniform Commitment Order as noted. Additionally, appellate counsel’s motion to withdraw is granted.

CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR THE CORRECTION OF THE COMMIT
*80
MENT; MOTION TO WITHDRAW GRANTED.

.The trial court ordered Defendant’s sentence to run concurrently with his sentence for aggravated burglary imposed in district court case number 12-5049. Defendant pled guilty in district court case number 12-5049 at the same time he pled guilty in the present case. Defendant appealed his aggravated burglary conviction in a separate appeal with this Court, bearing case number 13-KA-699.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. See State v. Jyles, 96-2669 (La. 12/12/97); 704 So.2d 241, 242; State v. Mouton, 95-981 (La.4/28/95); 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The record shows September 14, 2012 was the date of Defendant's arrest.