WINDHORST, J.
[ x Defendant, Dennis Doming, seeks review of his resentencing, ordered by the Louisiana Supreme Court in State ex rel. Doming v. State, 14-1264 (La.3/27/15), 161 So.3d 646. For the reasons that follow, we affirm defendant’s sentence and grant appointed defense counsel’s motion to withdraw as attorney of record.

PROCEDURAL HISTORY

On May 19, 2011, defendant pled guilty to hit-and-run driving, when death was a direct result of the accident, in violation of La. R.S. 14:100, and was sentenced to ten years imprisonment at hard labor. On the same date, the State filed a habitual offender bill of information contending defendant was a third felony offender. Defendant stipulated to being a third felony offender, the trial court vacated defendant’s original sentence and resentenced him as a habitual offender to fifteen years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant did not appeal his conviction and enhanced sentence.
On August 2, 2011, defendant filed a pro se “Out-of-Time Motion To Reconsider Sentence” which was denied on August 15, 2011. The August 15, 2011 Order was amended and defendant’s “Out-of-Time Motion To Reconsider Sentence” was again denied on October 11, 2011. On September 25, 2012, defendant filed an application for post-conviction relief (“APCR”), which the trial court denied. Defendant sought writs, which this Court denied on March 5, 2013. On September 27, 2013, the Louisiana Supreme Court also denied his writ application.
On February 5, 2014, defendant filed another APCR in which he requested an out-of-time appeal wherein he argued trial counsel was ineffective and his sentence was illegal as it included a prohibition on parole. The trial court denied 1 defendant’s APCR on March 28, 2014. Defendant filed a writ application with this Court, which was denied as untimely on May 23, 2014. On March 31, 2015, the Louisiana Supreme Court “granted in part; otherwise denied” defendant’s writ, finding that the underlying statute and La. R.S. 15:529.1 did not include a prohibition on parole and ordered the trial court to resentence defendant to a term that did not include such a prohibition.
On May 21, 2015, the trial court resen-tenced defendant as a third felony offender to fifteen years imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant filed a pro se motion to reconsider sentence requesting a downward departure from the sentencing guidelines, and the trial court denied the motion on June 4, 2015. Defendant then filed a pro se notice of appeal. Defendant’s instant appeal is limited to alleged errors arising from the trial court’s May 21, 2015 resentencing.

LAW AND ANALYSIS

Appellate Counsel’s Anders Brief

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), defendant’s appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests permission to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he or she finds the case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, the *815 Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the | atrial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, 704 So.2d at 241.
An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to-withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. State v. Dufrene, 07-823 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel indicates that defendant was sentenced in accordance with the Louisiana Supreme Court’s Order. Appellate counsel has filed a motion to withdraw- as attorney of record and has .mailed defendant a copy of her brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until February-19, 2016, to file a pro se supplemental brief.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal and that defendant was resentenced in compliance with the Louisiana Supreme Court’s Order. Specifically, the Supreme Court’s Order directed, the trial court to resentence defendant to a term which does not include a prohibition on parole, because the terms of La. R.S. 14:100 and La. R.S. 15:529.1 do not include such a prohibition. On May 21, 2015, pursuant to the Supreme Court’s instructions, the trial court | ¿resentenced defendant to fifteen years imprisonment without the benefit of probation or suspension of sentence.
The record reflects that defendant was present at the sentencing on May 21, 2015, and was represented by counsel. Defendant was properly sentenced in accordance with La. R.S. 14:100 and La. R.S. 15:529.1. Furthermore, defendant was properly advised of the time limitations for filing post-conviction relief. Because defendant’s appointed counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any. basis for a non-frivolous appeal, and an independent review of the - record ■ supports counsel’s assertion, we affirm defendant’s sentence and grant appellate counsel’s motion to withdraw as attorney of record.

Defendant’s Pro Se Assignments of Error

Defendant has also filed a pro' se supplemental brief, raising three assignments of error.
In his first pro se assignment of error, defendant argues that the trial court erred in failing to consider mitigating evidence presented in his motion to reconsider sentence and denying his motion to reconsider sentence. Despite relator’s claims, the trial judge clearly considered defendant’s motion with its attachments, as is evident from the trial court’s June 4, 2015 order denying defendant’s motion to reconsider sentence, wherein the trial judge stated, “[t]he defendant now urges *816 the court to reduce his sentence; He attaches letters in support and documents numerous forms of rehabilitation- he has completed while incarcerated. The court commends him for his considerable efforts toward rehabilitation and urges him to continue his participation.”
Defendant further argues that the trial judge erred in denying his motion to reconsider sentence. La.C.Cr.P. art. 881 provides that when a defendant has begun serving a legal sentence, the trial court may amend that sentence in felony cases in Iswhich the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases. Furthermore, La.C.Cr.P. art. 881.1 D provides that a trial court may deny a motion to reconsider without a hearing. In this case, defendant was convicted of a felony and had begun serving his sentence of imprisonment "at hard labor for fifteen years prior to filing his motion to reconsider sentence. Thus, defendant was entitled to neither a hearing nor the relief sought by his motion to reconsider sentence. Accordingly, we find no merit in this assignment of error.
In his second pro se assignment of error, defendant argues that his trial counsel provided ineffective assistance in failing to object to the trial court’s- sentence and failing file a motion to reconsider sentence.[1]
The Louisiana Supreme Court has held that generally a claim of ineffective assistance of counsel is most appropriately addressed through an Application for Posi>-Conviction Relief rather than direct appeal, to afford the parties an opportunity to make an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987). However, if the appeal record contains sufficient evidence to-decide-the issue,'and the issue is properly raised by assignment of .error on appeal, it may be addressed in the interest of judicial economy. State v. Armstead, 07-741 (La.App. 5 Cir. 02/06/08), 980 So.2d 20, 24, writ denied, 08-601 (La.10/3/08), 922 So.2d 1010. In this case, defendant raised the issue in an assignment of' error in his appeal and we find the record contains sufficient evidence to decide it. :
The Sixth Amendment of the United' States Constitution and Article I, Section 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance of trial counsel. According to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffectiveness claim must show (1) that -defense counsel’s performance was deficient, and (2) that | flthe deficiency prejudiced the defendant, The defendant has the burden of showing “that there is a reasonable probability that but for counsel’s unprofessional errors, the results of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct at 2068.
Generally, a defendant’s failure to make a specific objection at. the -time of sentencing or to file a written motion to reconsider precludes review of a sentence on appeal. Armstead, supra, at 26. However, this Court routinely -reviews sentences for constitutional excessiveness in the absence of a defendant’s timely objection or the filing of a motion to reconsider the sentence. Therefores trial counsel’s failure, in this case, to object to the sentence did not prejudice defendant by denying him such review.
*817 Moreover, the mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective - assistance of counsel. A defendant must also “show a reasonable probability that, but for counsel’s error, his sentence would have been different.” State v. Cox, 13-700 (La.App. 5 Cir. 01/31/14), 134 So.3d 74, 79.
In this case, defendant was sentenced in conformity with a plea agreement. A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. La. C.Cr.P. art. 881.2 A(2). Therefore, trial counsel’s failure to move for reconsideration of the sentence does not constitute deficient performance. Accordingly, we find no merit in this assignment of error.
In his final assignment of error, defendant argues that appellate counsel was ineffective for filing an Anders brief when non-frivolous issues existed. Even assuming appellate counsel’s performance has been deficient, defendant has not been prejudiced as a result. As discussed above, our review fails to disclose any non-frivolous appealable issues. Additionally, the issues defendant raises either |,cannot be addressed on appeal or have no merit. Thus, we find rio merit in this assignment of error. See State v. Miller, 12-126 (La.App. 5 Cir. 10/16/12), 102 So.3d 956, 963, writ denied, 12-2487 (La.5/31/13), 118 So.3d 388.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors requiring corrective action by the Court.
Accordingly, for the reasons stated above,. we affirm defendant’s enhanced sentence of fifteen years imprisonment at hard labor without benefit of probation or suspension of sentence.
AFFIRMED

. Defendant also argues that his trial counsel rendered ineffective assistance at his original sentencing hearing on May 19, 2011. De-cause defendant’s appeal is limited to his re-sentencing, we do not address this assignment of error.