WICKER, J.
*1119 Defendant, Kevin Parnell, Jr., appeals his convictions and sentences for one count of armed robbery with a firearm in violation of La. R.S. 14:64.3(A), one count of aggravated second degree battery in violation of La. R.S. 14:34.7, one count of possession with the intent to distribute marijuana in violation of La. R.S. 40:966(A), two counts of felon in possession of a firearm in violation of La. R.S. 14:95.1 and one count of possession of cocaine in violation of La. R.S. 40:967(C). Defendant's appointed counsel has filed an appellate brief pursuant to Anders v. California[1] and has also filed a motion to withdraw as counsel of record. Defendant has submitted a pro se brief, asserting that his guilty plea is constitutionally infirm and that his sentence was unconstitutionally disproportionate and unreasonable in comparison with the crime. For the following reasons, we affirm defendant's convictions; affirm his sentences on counts two through six; vacate his sentence as to his armed robbery with a firearm conviction; remand to the district court for resentencing on count one, with instructions to clarify defendant's sentence for his armed robbery with a firearm conviction; and grant appellate counsel's motion to withdraw.
Statement of the Case
On March 27, 2017, the Jefferson Parish District Attorney filed a bill of information charging defendant and five co-defendants with multiple offenses. Defendant was charged with armed robbery with a firearm in violation of La. R.S. 14:64.3(A) (count one); aggravated second degree battery with a dangerous weapon, by intentionally inflicting serious bodily injury in violation of La. R.S. 14:34.7 (count two); possession with the intent to distribute marijuana in violation of La. R.S. 40:966(A) (count three); two counts of felon in possession of a firearm in violation of La. R.S. 14.95.1(C) (counts four and six); and possession of cocaine in violation of La. R.S. 40:967(C) (count five). Defendant was arraigned on March 28, 2017, was assigned a public defender and entered a plea of not guilty.
On August 2, 2017, pursuant to a negotiated plea agreement, defendant withdrew his not-guilty plea, and pled guilty to all counts in the bill of information. In accordance with the plea agreement, the district court sentenced defendant to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence on count one; ten years at hard labor on count two; five years at hard labor on count three; ten years at hard labor without benefit of parole, probation, or suspension of sentence on counts four and six; and five years at hard labor on count five. The district court further ordered defendant's sentences to run concurrent with each other with the exception of count five-possession of cocaine-which was ordered to run consecutive to the other counts.[2]
*1120 Factual Background
On August 2, 2017, defendant pled guilty without proceeding to trial. The factual basis provided by the State during the guilty plea alleges that on or about February 4, 2017 defendant "committed armed robbery with a firearm in violation of La. R.S. 14.64.3(A) of Carl Holloway of approximately ninety-two thousand dollars in cash, as well as other personal items, while in the Oasis Motel in Gretna." Further as to count two, in violation of La. R.S. 14:34.7, the State alleged that defendant committed aggravated second degree battery when after the victim failed to comply with defendant's demands, defendant hit the victim "over the head with a lamp causing a laceration to his head." Further as to count three, the State announced it would prove "defendant violated Louisiana Revised Statute 40:966(A) in that he did knowingly or intentionally possess, with the intent to distribute, a controlled dangerous substance, to wit, marijuana." As to counts four and six, the "State would further prove that the defendant violated Louisiana Revised Statute 14:95.1, two counts, in that he did have in his possession, two different firearms, having been previously convicted on May 19, 2016, of the crime of possession of cocaine in violation of Louisiana Revised Statute 40:967(C) under Case Number 16-2006, Division "F" in the Twenty Fourth Judicial District Court for the Parish of Jefferson." As to count five, "the State would further prove the defendant also violated Louisiana Revised Statute 40:967(C) in that he did knowingly or intentionally possess a controlled dangerous substance, to wit, cocaine."
Anders Brief
Under the procedure set in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir. 1990), defendant's appointed appellate counsel has filed a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. Defendant has also filed a pro se supplemental brief, raising two assigned errors. First, defendant contends that his guilty plea is constitutionally infirm because he did not waive his right against self-incrimination. Second, defendant claims that his sentence is disproportionate and unreasonable.
In Anders , the United States Supreme Court stated that appointed counsel may request to withdraw from representation if counsel finds the case to be wholly frivolous after a conscientious examination of it. In Jyles , the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Jyles , 704 So.2d at 241.
An appellate court conducts an independent review of the record to determine whether the appeal is wholly frivolous. "When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial states of the prosecution, c) all pleadings in the record, and d) all transcripts *1121 to determine whether any ruling of the trial court provides a basis for appeal." State v. Dufrene , 07-823 (La. App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, the court may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds a legal point arguable on the merits, it may either deny the motion and order the court-appointed counsel to file a brief arguing the legal point identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In this case, appointed counsel's brief demonstrates that after a thorough review of the record, counsel could not find any non-frivolous issues to raise on appeal. The State agrees, and in its brief urges this Court to grant appointed counsel's motion to withdraw as counsel of record. This court's independent review confirms appointed counsel's assertion that there are no non-frivolous issues to raise on appeal.
First, the bill of information properly charged defendant and clearly, concisely and definitely stated the essential facts constituting the offenses charged and sufficiently identified defendant and the crimes charged. The bill charges defendant with one count of armed robbery with a firearm in violation of La. R.S. 14:64.3(A) (count one); one count of aggravated second degree battery in violation of La. R.S. 14:34.7 (count two); one count of possession with the intent to distribute marijuana in violation of La. R.S. 40:966(A) (count three); two counts of a felon in possession of a firearm in violation of La. R.S. 14:95.1 (count four and count six) and one count of possession of cocaine in violation of La. R.S. 40:967(C) (count five). See La. C.Cr.P. arts. 464 - 466. Second, the minute entries in the record reflect that defendant appeared at each stage of the prosecution against him. Defendant appeared at his arraignment, guilty plea proceeding, and his sentencing.
Third, defendant entered a guilty plea to all charges filed against him. Once a defendant is sentenced, only guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate or when defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Goff , 13-866 (La. App. 5 Cir. 4/9/14), 140 So.3d 146, 150-51 ; State v. Dixon , 449 So.2d 463, 464 (La. 1984).
A review of the record in this case reflects that defendant was aware he was pleading guilty to the crimes charged: armed robbery with a firearm, aggravated second degree battery, possession with the intent to distribute marijuana, two counts of possession of a firearm by a convicted felon, and possession of cocaine. Defendant was advised of his right to a trial by judge or jury, his right to confrontation, and the privilege against self-incrimination as required by Boykin v.Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant was advised of the waiver of these rights in his Waiver of Constitutional Rights/Plea of Guilty Form, which was signed and initialed by defendant on August 2, 2017, and during the plea colloquy by the district court judge at his sentencing.
During defendant's guilty plea colloquy, defendant acknowledged he had not been *1122 coerced or threatened into entering his guilty pleas. The district court judge informed defendant during the plea colloquy and on the Waiver of Constitutional Rights Form of the sentencing ranges for armed robbery with a firearm; aggravated second degree battery; felon in possession of a firearm (two counts); and knowing or intentional possession with the intent to distribute marijuana; and knowing and intentional possession of cocaine. Additionally, the district court judge informed defendant of the actual sentences that would be rendered if the judge accepted his pleas.
After a thorough colloquy with defendant, during which the district court judge informed defendant of the nature of the charges against him by reading the relevant portions of the applicable statutes for each crime, the district court judge accepted defendant's pleas as knowingly, intelligently, freely and voluntarily made. In this case, defendant's sentences were imposed in conformity with the terms of a plea agreement, and defendant's sentences fall within the sentencing ranges set forth in the statutes. See La. R.S. 14:64.3(A) ; La. R.S. 14:34.7 ; La. R.S. 40.966(A); La. R.S. 14:95.1 ; La. R.S. 40:967(C). Louisiana Code of Criminal Procedure Article 881.2 sets forth the procedure for the review of criminal sentences. La. C.Cr.P. art. 881.2 (A)(2) provides: "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." See also State v. Augustine , 14-747 (La. App. 5 Cir. 5/14/15), 170 So.3d 1123.
Upon a review of the record, we find no non-frivolous issues for appeal. Defendant's appointed counsel has adequately shown review and analysis of the record in this case. Our independent review of the record confirms counsel's assertions set forth in the Anders brief. Accordingly, counsel's request to withdraw as counsel is granted.
Pro Se Assignment of Error One
Defendant argues his guilty pleas are constitutionally infirm as he did not waive his privilege against self-incrimination in his signed waiver of rights form nor during the guilty plea colloquy. Defendant asserts that, pursuant to Boykin , he must be adequately informed that he is waiving his right to trial by jury, his right to confront his accusers, and his privilege against self-incrimination. He claims a mere recitation of the rights by the district court, does not, alone, insure a voluntary and intelligent waiver of these rights.
To the extent defendant argues that his guilty pleas should be withdrawn, in order to prevail the defendant must show that his pleas are constitutionally infirm. A plea of guilty is constitutionally infirm if it is not entered by the defendant freely and voluntarily, if the Boykin colloquy is inadequate or when the defendant is induced to enter a plea under a plea bargain or what he believes to be a plea bargain, and the agreement is not kept. McCoil , 924 So.2d at 1124.
A review of the record does not support defendant's argument that he was not informed of his privilege against self-incrimination during his Boykin colloquy or in his waiver of rights form. At defendant's August 2, 2017 sentencing, defendant's counsel informed the court that he had reviewed the Waiver of Constitutional Rights/Plea of Guilty Form with his client. Defendant acknowledged that he understood the terms and conditions on the form, and that he signed the document with his initials. Further, the district court judge advised defendant:
"make certain you understand that you're waiving and giving up the following rights by pleading guilty to your charge: You're waiving your rights to *1123 trial by a judge or jury; your right to be presumed innocent until the D.A. proves you guilty beyond a reasonable doubt; your right to require the D.A. to call witnesses to testify against you in open court, under oath, and have an attorney present to question and cross-examine those witnesses on your behalf; your right to testify on your own behalf, if you decide to do so; if you decide to remain silent, your silence would not be held against you, nor be considered evidence of guilt; your right to call witnesses to testify on your behalf at trial and to present other favorable and helpful evidence; and your right to appeal any verdict of guilty that might be returned against you at trial."
Further, the district court judge notified defendant of the sentencing range, and the terms of his plea deal, which defendant acknowledged was in his best interest.
The Waiver of Constitutional Rights/Plea of Guilty Form signed by defendant on August 2, 2017, reflects that defendant made a voluntarily waiver of his rights as required by Boykin . The form indicates defendant waived: the right to trial by judge or jury, the right to be presumed innocent until the District Attorney proves guilt beyond a reasonable doubt, the right to require the District Attorney to call witnesses who would be subject to cross-examination, the right to choose not to testify and not have his silence held against him, the right to present witnesses who would present favorable evidence at trial, and the right to appeal any verdict of guilty that might be returned against defendant at trial. Further, defendant indicates on the form that he is not suffering from any mental or physical impairments, is able to read and write, has not been forced or coerced to enter a guilty plea, and is satisfied with the performance of his attorney. This assignment of error lacks merit.
Pro Se Assignment of Error Two
Defendant argues his twenty-year sentence is constitutionally excessive as it is grossly disproportionate to the seriousness of the offenses and is a needless infliction of pain and suffering. In accordance with the plea agreement, defendant was sentenced on count one to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence; on count two, ten years at hard labor; on count three, five years at hard labor; on each of counts four and six, ten years at hard labor without benefit of parole, probation, or suspension of sentence; and on count five, five years at hard labor. The trial court further ordered defendant's sentences to run concurrent with each other with the exception of count five-possession of cocaine-which was ordered to run consecutive to the other counts. Defendant argues the district court did not consider mitigating guidelines in La. C.Cr.P. art. 894.1(B). Thus, defendant argues his sentence is constitutionally excessive.
As previously stated, the Louisiana Code of Criminal Procedure article 881.2 sets forth the procedure for review of criminal sentences. La. C.Cr.P. art. 881.2(A)(2) provides "[t]he defendant cannot seek appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Therefore, defendant is precluded from seeking review of his sentence on appeal, and this assignment of error has no merit. State v. Morin , 16-64 (La. App. 5 Cir. 10/26/16), 203 So.3d 1109, 1111-12 ; State v. Doming , 15-510 (La. App. 5 Cir. 7/27/16), 197 So.3d 812, 817 ; State v. Robinson , 15-661 (La. App. 5 Cir. 2/24/16), 186 So.3d 1269, 1272.
Errors Patent
Defendant requests an error patent review of his convictions and sentences.
*1124 This court routinely reviews an appellate record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether a defendant requests an errors patent review. The record reflects the following errors:
Crimes of Violence
A review of the transcript reveals that defendant's State of Louisiana Uniform Commitment Order ("UCO") designates defendant's crimes as crimes of violence. At sentencing, the district court did not, however, state that defendant was convicted of a crime of violence.
As a general matter, when there is a discrepancy between the minute entries and the transcript, the transcript must prevail. State v. Collins , 07-0310 (La. 10/12/07), 966 So.2d 534, 535 (citing State v. Lynch , 441 So.2d 732, 734 (La. 1983) ). However, the Louisiana Code of Criminal Procedure designates that certain crimes will always be designated in the minutes as crimes of violence. Among the crimes that "shall always be designated by the court in the minutes as crimes of violence are: "(14) armed robbery...(18) aggravated second degree battery... [and] (20) armed robbery; use of firearm; additional penalty." La. C.Cr.P. art. 890.3(C). Therefore, some of defendant's convictions must be designated as crimes of violence in the district court minutes. See State v. Holloway , 15-1233 (La. 10/19/16), 217 So.3d 343, 346 n.3. However, the minute entry does not reflect which convictions were designated as crimes of violence, therefore, we remand the matter for correction of the commitment to designate specifically which convictions are for crimes of violence.
Indeterminate sentence
With respect to defendant's sentence on count one, armed robbery with a firearm, defendant's sentence appears indeterminate. The March 27, 2017 bill of information charges defendant with armed robbery while armed with a dangerous weapon, a firearm, pursuant to La. R.S. 14:64 and La. R.S. 14:64.3. La. R.S. 14:64 provides that a defendant "shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence," and La. R.S. 14:64.3 provides that "[w]hen the dangerous weapon used in the commission of the crime of attempted armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:27 and 64."
Here, defendant was sentenced on count one to fifteen years at hard labor without benefits, and the district court judge did not reference the additional mandatory five-year period of imprisonment when an armed robbery is committed with a firearm pursuant to La. R.S. 14:64.3. The sentence on count one is indeterminate because the trial court did not indicate whether the fifteen-year sentence included the five-year firearm enhancement. Therefore, we vacate defendant's sentence on count one, remand this matter to the district court, and order the district court to resentence defendant on count one. See State v. Ott , 12-111 (La. App. 5 Cir. 10/16/12), 102 So.3d 944.
Illegally Lenient Sentence
Finally, defendant received an illegally lenient sentence on his two felon in possession of a firearm convictions (count four and count six), and on his conviction for possession with intent to *1125 distribute marijuana (count three). La. R.S. 14:95.1(B) requires a mandatory fine for a conviction as a felon in possession of a firearm of no less than one thousand nor more than five thousand dollars. La. R.S. 40:966(B)(3) requires a mandatory fine of not more than fifty thousand dollars for a conviction of possession of marijuana with the intent to distribute. Here, neither the minute entries nor the sentencing transcript reflects that a fine was issued to defendant.
This court has found the failure to impose a mandatory fine under a statute to be error, however, the court has occasionally declined to amend a defendant's sentence as a matter of discretion. State v. Kerlec , 06-838 (La. App. 5 Cir. 4/11/07), 957 So.2d 810, 815. La. C.Cr.P. art. 882 gives the appellate court the permissive authority to correct an illegally lenient sentence.
Defendant in this case is indigent and is represented by the Louisiana Appellate Project in this appeal. Further, neither party raised this issue on appeal. Under the circumstances, we decline to exercise our authority to amend the illegally lenient sentences. See State v. Kinard , 12-446 (La. App. 5 Cir. 11/27/12), 105 So.3d 974, 980.
CONVICTIONS AFFIRMED; SENTENCES ON COUNTS TWO THROUGH SIX AFFIRMED; SENTENCE ON COUNT ONE VACATED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.

386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Defendant's sentences were further ordered to run concurrently with the sentences imposed for defendant's misdemeanor convictions. Defendant's misdemeanor convictions are not subject of the instant appeal.