NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1314

DENNIS THOMAS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment rendered: __MAY 2 8 2020__

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C683603, Sec. 26

The Honorable Richard "Chip" Moore, Judge Presiding

* * * * *

| | |
|---|---|
| Dennis Thomas DOC #533237<br>Louisiana State Penitentiary<br>Angola, Louisiana | Plaintiff/Appellant<br>In Proper Person |
| Heather Hood<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

An inmate in the custody of the Louisiana Department of Public Safety and Corrections (Department) at the Louisiana State Penitentiary challenges a district court judgment dismissing his petition for judicial review. For the following reasons, we remand this case to the district court with instructions.

## FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Dennis Thomas, is an inmate sentenced to the custody of the Department. On January 4, 2008, the plaintiff was convicted of manslaughter, a violation of La. R.S. 14:31, and sentenced to thirty-three years at hard labor. The Department calculated the plaintiff's parole eligibility based on the amended provisions of La. R.S. 15:574.4(B),[1] effective January 1, 1997, which required that inmates convicted of a crime of violence serve eighty-five percent of their sentence prior to being deemed parole eligible.[2] See **Holmes v. Louisiana Dept. of Public Safety and Corrections**, 2011-2221 (La. App. 1 Cir. 6/8/12), 93 So.3d 761, 763, writ denied, 2012-1788 (La. 12/14/12), 104 So.3d 436.

On February 21, 2019, the plaintiff filed an Administrative Remedy Procedure complaint, which was assigned Case No. LSP-2019-0478, seeking to have his sentence reviewed in accordance with La. R.S. 15:1171, *et seq.* In his complaint, the plaintiff stated that the Department unlawfully denied him parole eligibility after serving one-third of his thirty-three year sentence because the district court did not designate the crime he was convicted of as a crime of violence. Therefore, the plaintiff argued that he should not have to serve eighty-five percent of his sentence before receiving parole eligibility.

---

[1] See 1995 La. Acts, No. 1099, § 1, effective January 1, 1997.

[2] Manslaughter is a crime of violence in accordance with La. R.S. 14:2(13). See 1994 La. Acts, No. 73.

2

On April 5, 2019, the Department rejected the plaintiff's first request. Subsequently, the plaintiff submitted a second request for administrative remedy, which was also denied. On May 29, 2019, the plaintiff filed a petition for judicial review with the Nineteenth Judicial District Court and it was assigned to a commissioner for evaluation and to make a recommendation to the district court.[3] The Department filed an answer to the plaintiff's petition and attached the entire administrative record. The commissioner reviewed the record and determined that the Department properly decided that the plaintiff's request should be denied, and his petition for judicial review should be dismissed. On July 23, 2019, the plaintiff filed a traverse opposing the commissioner's recommendation. On July 22, 2019, after a *de novo* review of the record, the district court signed a judgment that affirmed the Department's decision and dismissed the plaintiff's claim with prejudice. From this judgment, the plaintiff appeals.

## STANDARD OF REVIEW

On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **Williams v. Louisiana Department of Public Safety and Corrections**, 2018-0268 (La. App. 1 Cir. 9/21/18), 257 So.3d 690, 692-93. Therefore, we shall conduct a *de novo* review.

---

[3] The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); **Abbott v. LeBlanc**, 2012-1476 (La. App. 1 Cir. 3/25/13), 115 So.3d 504, 505 n.1.

3

## CRIME OF VIOLENCE

The plaintiff argues on appeal that the district court erred in finding that the legislature intended for manslaughter to automatically be designated as a crime of violence. The plaintiff further argues that the district court erred in finding that the plaintiff had to serve eighty-five percent of his thirty-three year sentence before becoming eligible for parole.

After a thorough review of the record, the plaintiff's brief, and the commissioner's recommendation, it is apparent that the plaintiff was convicted of manslaughter, an enumerated crime of violence under La. R.S. 14:2. However, the sentencing court failed to designate the plaintiff's conviction as a crime of violence mandated by La. C.Cr.P. art. 890.1.[4] In 2008, when the plaintiff was sentenced, La. C.Cr.P. art. 890.1 read as follows:

> A. When the court imposes a sentence, the court **shall** designate whether the crime involved is a crime of violence or an attempted crime of violence as defined or enumerated in [La.] R.S. 14:2(B).

> B. ... if a person is convicted of or pleads guilty to a crime of violence as defined or enumerated in [La.] R.S. 14:2(B) and is sentenced to imprisonment for a stated number of years or months, the sentencing court **may** deny or place conditions on eligibility for diminution of sentence for good behavior[.] (Emphasis added.)

Because it is mandatory that the district court designate the plaintiff's crime as a crime of violence, we remand this matter for correction of the commitment to designate the plaintiff's conviction of manslaughter as a crime of violence. See **State v. Parnell**, 2017-550 (La. App. 5 Cir. 5/16/18), 247 So.3d 1116, 1124. Therefore, this case is remanded to the district court with instructions to amend the minutes of the sentencing hearing to accurately reflect that manslaughter is a crime of violence for which the plaintiff must serve eighty-five percent of his sentence as

---

[4] Louisiana Code of Criminal Procedure article 890.1 was repealed effective August 16, 2011 by 2011 La. Acts, No. 186 and a newer version of La. C.Cr.P. art. 890.1 was enacted by 2012 La. Acts, No. 160, effective May 17, 2012, which no longer pertained to the designation of a crime of violence. **Branch v. Louisiana Department of Public Safety and Corrections**, 2018-1303 (La. App. 1 Cir. 8/8/19), 2019 WL 3757592, at *9 (unpublished).

mandated by La. C.Cr.P. art. 890.1. See **State v. Bordelon**, 2005-1507 (La. App. 3 Cir. 4/19/06), 929 So.2d 244, 257, writ denied, 2006-1549 (La. 12/15/06), 944 So.2d 1284; see also **Washington v. State**, 2019-360 (La. App. 5 Cir. 10/9/19), 2019 WL 5076249, at *2 (unpublished).

## CONCLUSION

After a review of the record, we remand this case to the district court with instructions to correct the minute entry for the plaintiff, Dennis Thomas, as set forth above. Costs of this appeal are to be paid by the Louisiana Department of Public Safety and Corrections.

**REMANDED WITH INSTRUCTIONS.**