# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0254

STATE OF LOUISIANA

VERSUS

WILLIAM BOTTOMS, JR.

*DATE OF JUDGMENT:*    **DEC 3 0 2020**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 09-17-0327, SECTION 8, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE BRUCE BENNETT (AD HOC), JUDGE

* * * * * *

Hillar C. Moore, III
District Attorney
Stacy L. Wright
Assistant District Attorney
Baton Rouge, Louisiana

Counsel for Appellee
State of Louisiana

Sherry Watters
New Orleans, Louisiana

Counsel for Defendant-Appellant
William Bottoms, Jr.

* * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Disposition: CONVICTIONS AND SENTENCES AFFIRMED.

**CHUTZ, J.**

The defendant, William Bottoms, Jr., was charged by grand jury indictment with two counts of second degree murder, violations of La. R.S. 14:30.1, and pled not guilty on both counts. Following a jury trial, he was found guilty as charged by unanimous verdicts on both counts. He was sentenced to consecutive terms of life imprisonment without benefit of probation, parole, or suspension of sentence.[1] He now appeals contending the trial court abused its discretion in imposing consecutive life sentences. For the following reasons, we affirm the convictions and sentences.

## FACTS

Megan Gaylord lived with the defendant and his parents at their home in Greenwell Springs, Louisiana, for approximately two months prior to the offenses. She was present with the defendant at the time of the offenses. According to Gaylord, on June 1, 2017, at approximately 12:30 a.m., the victims, "Mohammed" [sic] and "Dedrick,"[2] gave the defendant and Gaylord a ride to Baker to purchase heroin from "Jordan." The victims had "meth" in the vehicle, and the defendant "did a shot" of the methamphetamine before the group left for Baker.

The vehicle ran out of gas shortly after leaving for Baker. A police officer, however, stopped and assisted the group by driving Mohammed to a gas station to get gas. Gaylord testified "anybody that knows [the defendant] knew he always had a gun." When the police officer arrived, the defendant hid his gun in the vehicle. After the police officer left with Mohammed, the defendant hid the

---

[1] The trial court remanded the defendant to the custody of the sheriff for further disposition to the department of corrections. Thus, the sentences were imposed at hard labor. See La. R.S. 15:566(B); La. R.S. 15:824(C)(1); **State v. Goff**, 2013-866, 2013-867 (La. App. 5th Cir. 4/9/14), 140 So.3d 146, 152 n.8, writ denied, 2014-1018 (La. 12/8/14), 153 So.3d 440.

[2] The victims were Dedrick Williams and Mohammad Hussain, who at times were incorrectly referred to in the record as "Muhammed" or "Derrick."

2

weapon "in the trees" off the road. He retrieved the weapon after the police officer was out of the area.

After retrieving the weapon, the defendant asked Mohammed if he would like Gaylord to drive since Mohammed did not know where the defendant and Gaylord were going. Mohammed agreed and the seating arrangement was as follows: Gaylord was driving; the defendant was the front-seat passenger; Mohammed was seated behind Gaylord; and Dedrick was seated next to Mohammed. The drug purchase was completed when the group met Jordan at a Jack-in-the-Box.

According to Gaylord, as they were driving back to the residence of the defendant's parents, the defendant turned around in his seat and "shot and then he reached over and shot the other one." The defendant shot Dedrick first and then Mohammed. Mohammed was still struggling to breathe after the first shot, so the defendant shot him again. Gaylord testified the victims were not arguing with or threatening the defendant when he shot them, and the defendant opened fire on them without warning.

Gaylord testified that when she and the defendant were "around other people," the defendant often would get nervous or paranoid and ask her "am I good? Are we good?" If Gaylord reassured the defendant, "You're fine. We're fine," he would calm down and be "all right." The defendant did not ask Gaylord anything, however, before shooting the victims. Gaylord stated, "I feel like we might have been around [the victims] for too long and when they were in the back seat[,] I don't think [the defendant] felt like he could ask me if he was all right or if we were all right with them that close." She speculated that the shooting may have been related to Dedrick showing the defendant a photograph of an "an AK-47 or some kind of long gun" before the group left for Baker. Gaylord claimed the defendant interpreted the photograph as a threat. Gaylord indicated the defendant

did not know whom to trust because someone that they knew had "messed with" the defendant by telling him there was "a hit out on [the defendant]." Gaylord further indicated the defendant's paranoia was "a lot worse" when he was "shooting meth."

Gaylord testified that after she drove back to the home of the defendant's parents, the defendant "[wiped] stuff down with bleach" and covered the victim's bodies with blanket or something. The defendant then waited until his mother woke up to ask her to follow him and Gaylord as they returned "a friend's car." The defendant asked Gaylord to drive the vehicle with the victims' bodies while he told her "where to go."

The victims' bodies were recovered in St. Helena Parish. Dedrick Williams had sustained gunshot wounds to his forehead and left ear. Mohammed Hussain had sustained gunshot wounds to the forehead, the bottom of his left ear, and the left side of his mouth.

Gaylord additionally testified that approximately twenty-two days after the instant offenses, the defendant was shot during another drug deal. He was carrying the same gun he used to kill the victims.

## UNCONSTITUTIONALLY EXCESSIVE SENTENCES

In his sole assignment of error, the defendant argues the trial court abused its discretion in imposing consecutive life sentences. He argues the sentences are unconstitutionally excessive under the circumstances of this offense and this offender. He concedes that the offenses were "vile and serious," but argues he shot both victims during a paranoia episode after drug use. He claims, "[w]hile the mandatory life sentence for each count is severe in itself, the order that the sentences be served consecutively was unnecessarily excessive."

In his brief to this court, citing the minutes of an August 22, 2019 status conference, the defendant alleges his motion to reconsider sentence was denied. The

4

referenced minutes, however, do not indicate that a motion to reconsider sentence was denied or that the defendant made or filed a motion to reconsider the sentences. Further, the record does not contain a written motion to reconsider sentence. Additionally, a review of the transcript of the August 22, 2019 status conference also fails to reveal that the defendant made or filed a motion to reconsider the sentences.

Louisiana Code of Criminal Procedure article 881.1, provides, in pertinent part:

> A.(1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . .
>
> B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.
>
> . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Furthermore, La. Code Crim. P. art. 881.2(A)(1) provides:

> The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions.

One purpose of the motion to reconsider sentence is to allow the defendant to raise any errors that may have occurred in sentencing while the district court still has jurisdiction to change or correct the sentence. The defendant may point out such errors or deficiencies, or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing. **State v. Ybarzabal**, 2018-0555 (La. App. 1st Cir. 2/25/19), 2019 WL 926891 at *3.

5

The thirty-day deadline provided by La. Code Crim P. art. 881.1(A)(1) prohibits a trial court from reconsidering its sentencing decision once the deadline has passed. An out-of-time motion to reconsider sentence is not contemplated by the Code of Criminal Procedure nor allowed by the jurisprudence. Likewise, a motion for appeal is not a substitute for a timely motion to reconsider sentence and does not satisfy the requirements of La. Code Crim. P. art. 881.1. **Ybarzabal,** 2019 WL 926891 at *4.

A thorough review of the record indicates that the defendant did not orally move for reconsideration of the sentences at the time of sentencing, nor did he subsequently file a written motion to reconsider the sentences. Under La. Code Crim. P. arts. 881.1(E) and 881.2(A)(1), the failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider may be based, shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. **Ybarzabal,** 2019 WL 926891 at *4; **State v. Ferguson,** 2015-0427 (La. App. 1st Cir. 9/18/15), 181 So.3d 120, 137, writ denied, 2015-1919 (La. 11/18/16), 210 So.3d 282. Consequently, the defendant's failure to urge claims of excessiveness and specific grounds for reconsideration of the sentences herein by oral or timely written motion precludes our review of this assignment of error. *Id.* As such, we find that review of the arguments raised in the defendant's assignment of error is procedurally barred.

For the foregoing reasons, the defendant's convictions and sentences are affirmed.

**CONVICTIONS AND SENTENCES AFFIRMED.**